# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RUSS SAVAGE, Individually and Similarly Situated, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 3:25-CV-914 |
| SMOKY ROSE, LLC, | § § § | |
| *Defendant.* | § § | |

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Smoky Rose, LLC ("**Defendant**") without waiving any defenses, and specifically those available under FEDERAL RULE OF CIVIL PROCEDURE 12(b), requests that this Court enter an order granting a seventeen-day extension to answer, move, or file a responsive pleading to the Complaint filed by Plaintiff (Dkt. No. 1). In support of this motion, Defendant states as follows:

### I.     BACKGROUND

1. Plaintiff filed his Complaint on April 11, 2025. *See* Dkt. No. 1.

2. Defendant was served with process on May 13, 2025. *See* Dkt. No. 5.

3. Defendant's deadline to answer or otherwise respond to Plaintiff's Complaint was June 3, 2025. *See* FED. R. CIV. P. 12(a)(1).

4. In addition to this lawsuit, Plaintiff also filed a Wage Claim with the Texas Workforce Commission ("**TWC**") on or around May 5, 2025.

5. The TWC investigation concluded on or around May 29, 2025.

6. The undersigned counsel for Defendant was retained on June 4, 2025. Defendant's investigation of Plaintiff's allegations in the Complaint is ongoing.

7. Accordingly, Defendant requests a seventeen-day extension of time—through and including June 20, 2025—within which to respond to Plaintiff's Complaint without making a general appearance.

## II.   ARGUMENT AND AUTHORITIES

8. "Under Rule 6(b)(1)(B) of the FEDERAL RULES OF CIVIL PROCEDURE, the court can extend a deadline 'on motion made after the time has expired if the party failed to act because of excusable neglect.'"[1] Furthermore, "[e]xcusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time."[2]

9. This Court has held that excusable neglect encompasses 'late filings [that] were due to mistake, inadvertence, or carelessness and not to bad faith[.]'"[3]

---

[1] *Germania Farm Mut. Ins. Co. v. Deere & Co.*, Case No. 2:18-CV-227-Z-BR, 2021 WL 3884272, at *1 (N.D. Tex. June 3, 2021) (citing FED. R. CIV. P. 6(b)(1)(B)).
[2] *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, Case No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (Mar. 31, 2008) (internal citation omitted).
[3] *Id*. (internal citation omitted); *see also Pioneer Inv. Servs., Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 388 (1993).

Courts review "four non-exclusive factors in deciding a motion to extend time under Rule 6(b)(1)(B): 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay …, and whether the movant acted in good faith.'" [4]

10.  Each of the four non-exclusive factors weigh in favor of Defendant's requested extension. First, the requested extension does not prejudice Plaintiff, who is unopposed to the requested relief. Moreover, the Court has not issued a scheduling order, nor has the Rule 26(f) conference occurred. Therefore, the requested extensions will have no impact on any deadlines in this case. The Defendant requests a seventeen-day extension. As there are no other deadlines, this extension will not affect the case administration. Third, the delay in filing was not intentional nor in bad faith. In addition to retaining the undersigned for this litigation, Defendant was concurrently responding to the TWC inquiry regarding the same allegations at issue in Plaintiff's Complaint. The TWC investigation did not conclude until May 29, 2025. Fourth, Defendant has acted in good faith. This is Defendant's first request for extension, and it is not made for purposes of undue delay.

11.  Therefore, Defendant requests an extension of its deadline to answer or otherwise respond to Plaintiff's Complaint through and including June 20, 2025.

---

[4] *Mattress Giant Corp.*, 2008 WL 989722, at *1 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

## III.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and extend Defendant's deadline to answer or otherwise respond through and including June 20, 2025.

Dated:   June 5, 2025

Respectfully submitted,

**PLATT RICHMOND PLLC**

*/s/ Kinsey D. Lakey*
**KINSEY D. LAKEY**
Texas Bar No. 24122134
klakey@plattrichmond.com
**WILLIAM S. RICHMOND**
Texas Bar No. 24006680040
brichmond@plattrichmond.com
**HEATHER M. CRABILL**
Texas Bar No. 24131151
hcrabill@plattrichmond.com

1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR DEFENDANT**

**WORD COUNT: 629**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a copy of the foregoing document was served on all counsel of record on June 5, 2025, via electronic filing through the Court's ECF filing system.

    */s/ Kinsey D. Lakey*
    **KINSEY D. LAKEY**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(h), the undersigned certifies that she conferred with counsel for Plaintiff regarding this Motion on June 4, 2025, and counsel for Plaintiff stated that he is unopposed.

    */s/ Kinsey D. Lakey*
    **KINSEY D. LAKEY**