UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUSS SAVAGE, Individually and for Others Similarly Situated, §§§§§<br><br>*Plaintiff,*<br><br>v.<br><br>SMOKY ROSE, LLC,<br><br>*Defendant.* | CASE NO. 3:25-cv-914 |

**DEFENDANT SMOKY ROSE, LLC'S ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Smoky Rose, LLC ("**Smoky Rose**" or "**Defendant**") files this Original Answer to Plaintiff Russ Savage's ("**Plaintiff**" or "**Savage**") First Amended Complaint [Docket No. 13] (the "**Complaint**") and shows as follows:

### I.     ANSWERS TO ALLEGATIONS

#### SUMMARY

1. Smoky Rose admits that Plaintiff brings this lawsuit under the Fair Labor Standards Act ("**FLSA**"). Defendant denies all other allegations in paragraph 1.

2. Smoky Rose denies the allegations in paragraph 2.

3. Smoky Rose denies the allegations in paragraph 3.

4. Smoky Rose denies the allegations in paragraph 4.

5. Smoky Rose admits that Plaintiff at times worked more than 40 hours in a workweek. Smoky Rose denies all other allegations in paragraph 5.

6. Smoky Rose denies the allegations in paragraph 6.

7. Smoky Rose denies the allegations in paragraph 7.

8. Smoky Rose denies the allegations in paragraph 8.

9. The allegations in paragraph 9 of the Complaint are legal conclusions for which no response is required. To the extent, if any, a response is required, the allegations are denied.

10. The allegations in paragraph 10 of the Complaint are legal conclusions for which no response is required. To the extent, if any, a response is required, the allegations are denied.

## JURISDICTION AND VENUE

11. Smoky Rose admits that Plaintiff brought this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The remainder of the allegations are denied.

12. Smoky Rose admits that venue is proper in this Court.

13. Smoky Rose admits the allegations in paragraph 13.

## THE PARTIES

14. Smoky Rose admits that Savage began working for Smoky Roes in November 2018. The remainder of the allegations are denied.

15. Smoky Rose denies that Savage was employed by Smoky Rose. Smoky Rose admits the remaining allegations in paragraph 15.

16. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 16 of the Complaint; therefore, the allegations are denied.

17. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 17 of the Complaint; therefore, the allegations are denied.

18. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 18 of the Complaint; therefore, the allegations are denied.

19. Smoky Rose admits that the Complaint refers to the Tipped Workers and Overtime Workers as the Putative Class Members. The remainder of the allegations are denied.

20. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 20 of the Complaint; therefore, the allegations are denied.

21. Smoky Rose admits the allegations in paragraph 21.

### COVERAGE UNDER THE FLSA

22. Smoky Rose admits the allegations in paragraph 22.

23. Smoky Rose admits the allegations in paragraph 23.

24. Smoky Rose admits the allegations in paragraph 24.

25. Smoky Rose admits the allegations in paragraph 25.

26. Smoky Rose admits the allegations in paragraph 26.

27. Smoky Rose admits that Savage was engaged in commerce or in the production of goods for commerce. Smoky Rose lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 27 of the Complaint; therefore, the remaining allegations are denied.

### FACTS-TIP POOL ALLEGATIONS

28. Smoky Rose admits the allegations in paragraph 28.

29. Smoky Rose admits the allegations in paragraph 29.

30. Smoky Rose denies the allegations in paragraph 30.

31. Smoky Rose admits the allegations in paragraph 31.

32. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 32 of the Complaint; therefore, the allegations are denied.

33. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 33 of the Complaint; therefore, the allegations are denied.

34. Smoky Rose lacks sufficient knowledge or information to admit or deny the

allegations set forth in paragraph 34 of the Complaint; therefore, the allegations are denied.

35. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 35 of the Complaint; therefore, the allegations are denied.

36. Smoky Rose admits the allegations in paragraph 36.

37. Smoky Rose denies that Savage was employed by Smoky Rose. Smoky Rose admits the remaining allegations in paragraph 37.

38. Smoky Rose admits the allegations in paragraph 38.

39. Smoky Rose admits the allegations in paragraph 39.

40. Smoky Rose denies the allegations in paragraph 40.

41. Smoky Rose denies that it allowed managers to keep a portion of tips through the mandatory tip pool. Smoky Rose lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 41 of the Complaint; therefore, the allegations are denied.

42. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 42 of the Complaint; therefore, the allegations are denied.

43. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 43 of the Complaint; therefore, the allegations are denied.

44. Smoky Rose denies it split tips with a manager in violation of 29 U.S.C. § 203(m)(2)(B). The remaining allegations are denied.

45. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 45 of the Complaint; therefore, the allegations are denied.

46. Smoky Rose denies that it permitted its managers to keep a portion of tips through the mandatory tip pool. Smoky Rose lacks sufficient knowledge or information to admit or deny

the remaining allegations set forth in paragraph 46 of the Complaint; therefore, the allegations are denied.

47. Smoky Rose denies the allegations in paragraph 47.

48. Smoky Rose denies the allegations in paragraph 48.

49. Smoky Rose denies the allegations in paragraph 49.

50. Smoky Rose denies the allegations in paragraph 50.

51. Smoky Rose denies the allegations in paragraph 51.

52. Smoky Rose denies the allegations in paragraph 52.

## FACTS-OVERTIME APPROVAL POLICY

53. Smoky Rose admits that Savage at times worked in excess of 40 hours a week. Smoky Rose lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 53 of the Complaint; therefore, the allegations are denied.

54. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 54 of the Complaint; therefore, the allegations are denied.

55. Smoky Rose denies the allegations in paragraph 55.

56. Smoky Rose denies the allegations in paragraph 56.

57. Smoky Rose denies the allegations in paragraph 57.

58. Smoky Rose denies the allegations in paragraph 58.

59. Smoky Rose denies the allegations in paragraph 59.

60. Smoky Rose denies the allegations in paragraph 60.

61. Smoky Rose denies the allegations in paragraph 61.

62. Smoky Rose denies the allegations in paragraph 62.

63. Smoky Rose denies the allegations in paragraph 63.

64. Smoky Rose denies the allegations in paragraph 64.

65. Smoky Rose denies the allegations in paragraph 65.

66. Smoky Rose denies the allegations in paragraph 66.

## CAUSES OF ACTION
## FLSA VIOLATIONS

67. To the extent that Plaintiff incorporates allegations into Paragraph 67, Defendant's answers are likewise incorporated.

68. Smoky Rose admits the allegations in paragraph 68.

69. Smoky Rose denies the allegations in paragraph 69.

70. Smoky Rose denies the allegations in paragraph 70.

71. Smoky Rose denies the allegations in paragraph 71.

72. Smoky Rose denies the allegations in paragraph 72.

73. Smoky Rose denies the allegations in paragraph 73.

74. Smoky Rose denies the allegations in paragraph 74.

## COLLECTIVE ACTION ALLEGATIONS

75. To the extent that Plaintiff incorporates allegations into Paragraph 75, Smoky Rose's answers are likewise incorporated.

76. Smoky Rose denies the allegations in paragraph 76.

77. Smoky Rose denies the allegations in paragraph 77.

78. Smoky Rose denies the allegations in paragraph 78.

79. Smoky Rose denies the allegations in paragraph 79.

80. Smoky Rose denies the allegations in paragraph 80.

81. Smoky Rose denies the allegations in paragraph 81.

82. Smoky Rose denies the allegations in paragraph 82.

83. Smoky Rose lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 83 of the Complaint; therefore, the allegations are denied.

84. Smoky Rose denies the allegations in paragraph 84.

85. Smoky Rose denies the allegations in paragraph 85.

86. The allegations in paragraph 86 of the Complaint are legal conclusions for which no response is required. To the extent, if any, a response is required, the allegations are denied.

87. Smoky Rose denies the allegations in paragraph 87.

88. The allegations in paragraph 88 of the Complaint are legal conclusions for which no response is required. To the extent, if any, a response is required, the allegations are denied

89. Smoky Rose denies the allegations in paragraph 89.

90. Smoky Rose denies the allegations in paragraph 90.

91. Smoky Rose denies the allegations in paragraph 91.

## JURY DEMAND

92. Smoky Rose admits that in paragraph 92 of the Complaint, Plaintiff has demanded a trial by jury.

## PRAYER

Smoky Rose denies the allegations contained and relief sought within the Prayer in Plaintiff's Complaint.

## II.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to state a claim – FLSA Violations)

1. Plaintiff's claims are barred in whole, or in part, for failure to state a claim upon which the Court can grant any relief.

2.  Smoky Rose did not allow managers to retain tips from the mandatory tip pool in violation of the FLSA.

3.  Defendant did not fail to pay Plaintiff, or any Putative Class Members, for any overtime hours worked.

## SECOND AFFIRMATIVE DEFENSE
(Standing – FLSA Violations)

4.  Plaintiff, and the Putative Class Members, lack standing to assert any claims under the FLSA.

5.  Plaintiff, and the Putative Class Members, have not suffered any injury.

6.  Defendant did not fail to pay Plaintiff, or any Putative Class Members, for any overtime hours worked.

7.  Defendant did not allow managers to receive tips from the mandatory tip pool.

## THIRD AFFIRMATIVE DEFENSE
(Full Performance – FLSA Violations)

8.  Plaintiff's claims are barred in whole, or in part, because Defendant fully performed its obligations under Plaintiff's employment contract and pursuant to the FLSA.

9.  Smoky Rose reserves the right to assert additional defenses as they become known through the course of discovery.

## FOURTH AFFIRMATIVE DEFENSE
(Consent – FLSA Violations)

10. Plaintiff's claims are barred in whole, or in part, because Plaintiff, and the Putative Class Members, consented to work off the clock hours.

11. Plaintiff's claims are barred in whole, or in part, because Plaintiff, and the Putative Class Members, consented to split their tips with managers.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate – FLSA Violations)

12. Plaintiff's claims are barred in whole, or in part, because Plaintiff, and the Putative Class Members failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies – Collective Action)

13. Plaintiff's collective action claims are barred in whole, or in part, because the Putative Class Members have failed to file FLSA Complaints.

### SEVENTH AFFIRMATIVE DEFENSE
(Similarly Situated – Collective Action)

14. Plaintiff's collective action claims are barred in whole, or in part, because the Putative Class Members are not similarly situated.

### EIGHT AFFIRMATIVE DEFENSE
(Good Faith – FLSA Violations)

15. Plaintiff's claims are barred in whole, or in part, because Defendant acted in good faith and with reasonable grounds to believe it was complying with the law.

### NINTH AFFIRMATIVE DEFENSE
(Reckless Disregard – FLSA Violations)

16. Plaintiff's claims are barred in whole, or in part, because Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

### TENTH AFFIRMATIVE DEFENSE
(Compensable Time – Overtime Violations)

17. Plaintiff's claims are barred in whole, or in part, to the extent Plaintiff seeks recovery for time that is not compensable under the FLSA.

## ELEVENTH AFFIRMATIVE DEFENSE
(Offset – FLSA Violations)

18. Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged in work.

## TWELFTH AFFIRMATIVE DEFENSE
(Estoppel – FLSA Violations)

19. Plaintiff's claims are estopped by the submission of his/their own time records, for which Defendant compensated them for all overtime worked and claimed.

20. Plaintiff's claims are estopped to the extent he shared his tips with managers of his own accord and without Defendant's knowledge.

21. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

## PRAYER

Smoky Rose, LLC prays that Plaintiff take nothing by his claims against it, that Plaintiff's claims be dismissed with payment of costs and be awarded such other and further relief, whether at law or in equity, to which it may show itself to be justly entitled.

[SIGNATURES ON FOLLOWING PAGE]

Dated: July 10, 2025                                    Respectfully submitted,

                                                    **PLATT RICHMOND PLLC**

*/s/ Kinsey D. Lakey*
**KINSEY D. LAKEY**
Texas Bar No. 24122134
klakey@plattrichmond.com
**WILLIAM S. RICHMOND**
Texas Bar No. 24006680040
brichmond@plattrichmond.com
**HEATHER M. CRABILL**
Texas Bar No. 24131151
hcrabill@plattrichmond.com

1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a copy of the foregoing document was served on all counsel of record on July 10, 2025, via electronic filing through the Court's ECF filing system.

*/s/ Kinsey D. Lakey*
**KINSEY D. LAKEY**