# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **RUSS SAVAGE**, Individually and For Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>**SMOKY ROSE, LLC**,<br><br>   Defendant. | **Case No. 3:25-cv-914**<br><br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## JOINT STATUS REPORT

Plaintiff Russ Savage (Savage) and Defendant Smoky Rose, LLC (Smoky Rose) jointly submit the following Status Report.

**1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

The parties met via Microsoft Teams on July 23, 2025. Carl Fitz was present on behalf of Plaintiff. Kinsey Lakey and Heather Crabill were present on behalf of Defendant.

**2. List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.**

None.

**3. Briefly describe what this case is about—including a statement of the claims and defenses.**

**Plaintiff's Statement:** Plaintiff alleges Defendant failed to pay himself and similarly situated workers overtime for all hours worked over 40 in a workweek in

violation of the Fair Labor Standards Act (FLSA). Plaintiff alleges Defendant failed to pay himself and all similarly situated workers tips in violation of the FLSA. Specifically, Plaintiff alleges Defendant's managers unlawfully retained tips owed to Plaintiff and similarly situated bartenders and servers.

**Defendant's Statement:** Defendant denies Plaintiff's allegations. Plaintiff is a disgruntled former employee of Defendant with a documented history of substance abuse which ultimately lead to his termination with Defendant. Plaintiff is now pursuing this egregious and meritless lawsuit against Defendant improperly asserting that Defendant misappropriated Plaintiff, and the putative class's salary and tips, and that Defendant violated the FLSA. Defendant's affirmative defenses are detailed in its Original Answer and any subsequent amendments thereto.

**4. Identify a proposed time limit to file motions for leave to join other parties.**

September 24, 2025.

**5. Identify a proposed time limit to amend the pleadings.**

September 24, 2025.

**6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);**

September 2, 2026 for motions for summary judgment and motions to exclude/disqualify experts.

**7. Specify the allegation of federal jurisdiction.**

Federal question jurisdiction. *See* 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**8. Identify the parties who disagree and the reasons.**

None.

**9. Identify any issues as to service of process, personal jurisdiction, or venue.**

2

None.

**10. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

The parties are not aware of potential additional parties at this time. Plaintiff anticipates filing a motion for conditional certification prior to the close of discovery.

**11. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

The parties shall serve initial disclosures on or before August 11, 2025.

**12. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

The parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

**13. Describe the proposed discovery plan, including:**

**A. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The parties submit the following proposed schedule for discovery:

| | |
|---|---|
| Deadline for Joint Report naming mediator | July 15, 2026 |
| Deadline for Completion of Mediation | August 5, 2026 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | September 24, 2025 |

| | |
|---|---|
| Party with the Burden of Proof's Expert Designation & Report | February 4, 2026 |
| Rebuttal Expert Designation | March 25, 2026 |
| Deadline for Completion of Fact Discovery | July 1, 2026 |
| Deadline for Completion of Expert Discovery | July 25, 2026 |
| Deadline for Expert Objections | September 2, 2026 |
| Deadline for Dispositive Motions | September 2, 2026 |
| Deadline for Pretrial Disclosures and Objections | December 2, 2026 |
| Deadline for Pretrial Materials (pretrial order etc.) | December 9, 2026 |
| Settlement Conference | Ten days prior to the pretrial conference |
| Exchange of Exhibits | Two business days prior to the pretrial conference |
| Pretrial Conference | Monday before trial—at 10:00 a.m. |
| Trial Date | January 18, 2027 |

**Plaintiff's Statement:** Discovery may be needed on the compensation,

hours worked, and job duties of Plaintiff and the putative class members. Discovery may also be needed on Defendant's employment policies, payroll policies, timekeeping policies, and policies related to Fair Labor Standards Act compliance.

**Defendant's Statement:** Defendant anticipates it will request discovery related to the Plaintiff's affirmative claims and Defendant's defenses in this lawsuit, including without limitation, documents, data, and communications related to Plaintiff's workhours and associated salary and tip payments; Plaintiff's communications with Defendant and third parties regarding Plaintiff and putative class members' working hours, associated pay and tips, and issues regarding same; Plaintiff and putative class members claim to have worked overtime hours that they were not paid for; and Plaintiff and putative class members' claims of misappropriated and/or unpaid tips and other damages allegedly owed by Plaintiff. Defendant reserves the right to amend this non-exhaustive list of anticipated discovery topics.

**B. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

The parties agree to confer regarding any ESI issues should they arise.

**C. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

Plaintiff served interrogatories and requests for production on Defendant on July 23, 2025.

**D. When and to whom the defendant anticipates it may send interrogatories and requests for production.**

Defendant intends to serve interrogatories and requests for production on Plaintiff and any later joined party. Defendant will serve interrogatories and requests for production before the close of fact discovery, which the parties propose will end on July 1, 2026 in their proposed discovery schedule in ¶13.A or any other order of the Court.

**E. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Plaintiff anticipates deposing Defendant, Oscar, and Alfonzo.

**F. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Defendant anticipates deposing Plaintiff, any future "opt-in plaintiffs" or later joined parties, and other third parties yet to be identified subject to further discovery in this matter. Defendant will take depositions prior to the close of fact discovery under the parties' proposed discovery schedule identified in ¶ 13.A or any other order of the Court.

The parties agree to make party witnesses available in person for depositions and agree to work together to determine whether additional depositions may be conducted by remote means.

**G. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

Not applicable.

**H. Any experts needed on issues other than attorneys' fees.**

Plaintiff does not anticipate designating an expert at this time.

Defendant anticipates that it may be necessary to retain and designate experts including a human resource consultant and forensic accountant. Defendant reserves the right to amend this non-exhaustive list as discovery progresses.

**I. If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

Not applicable.

**J. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate**

**responsive experts and to provide their reports.**

Plaintiff's experts, if any, should be designated and associated reports should be provided to Defendant by February 4, 2026 as agreed on and indicated in the parties' agreed and proposed discovery schedule under ¶13.A. or any other order of the Court.

Defendant's experts, if any, should be designated and associated reports should be provided to Plaintiff by March 25, 2026 as agreed on and indicated in the parties' agreed and proposed discovery schedule under ¶13.A. or any other order of the Court.

**K. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).**

Defendant reserves the right to depose any of Plaintiff's experts that are retained pursuant to Fed. R. Civ. P. 25(a)(2)(B) to the extent these experts opine on Defendant's affirmative defenses. Defendant will take expert depositions prior to the close of expert discovery under the parties' proposed discovery schedule identified in ¶ 13.A or any other order of the Court. The parties agree that expert depositions may be conducted remotely, including by Zoom or some other videoconferencing platform.

**L. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Fed. R. Civ. P. 26(a)(2)(B) (expert report).**

The parties have not yet designated experts, but to the extent experts are designated, Defendant reserves the right to depose any and all experts designated by Plaintiff. Such depositions shall be completed by no later than July 25, 2026, the proposed date for the close of expert discovery. The parties agree that expert depositions may be conducted remotely, including by Zoom or some other videoconferencing platform.

**M. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an**

7

**affidavit or declaration setting out the citizenship of every member.**

As of the date of this Joint Report, Defendant states that its sole member is David Tripplehorn-Cash, an individual and citizen of Texas. Defendant will file a declaration reflecting the same.

**N. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

Not applicable.

**O. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

The parties agree to confer regarding ESI in the event it becomes necessary.

**P. The depositions that need to be taken, and in what sequence;**

See above.

**Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

The Parties agree to confer regarding an agreed clawback provision. Further, the Parties propose that attorney-client privileged communications and work product occurring in anticipation of and pendency of this litigation be removed from the privilege log disclosure requirement.

**14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A.

**15. Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff has served written discovery requests.

**16. State the date the planned discovery can reasonably be completed.**

July 1, 2026.

**17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

Private mediation may be effective after a ruling on Plaintiff's anticipated motion for conditional certification.

**18. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

Private mediation may be effective after a ruling on Plaintiff's anticipated motion for conditional certification. The parties do not have a joint recommendation for a mediator at this time.

**19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;**

The Parties do not consent to trial before a U.S. Magistrate Judge at this time.

**20. State whether a jury demand has been made and if it was made on time.**

Plaintiff has demanded a jury trial.

**21. State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.**

The parties propose a trial date in January 2027. Plaintiff has demanded a jury trial. The parties anticipate needing 5 days for trial. Parties anticipate that it will take 10 hours per side for the presentation of evidence (not including voir dire, openings, and closings).

**22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

None.

**23. List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

None.

**24. List other pending motions.**

None.

**25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

**Plaintiff's Counsel:**

Carl A. Fitz, Tex. Bar No. 24105863, 3730 Kirby Drive, Ste. 1200, Houston, Texas 77098, Tel.: (713) 766-4000, carl@fitz.legal

AND

Travis Gasper, Texas Bar No. 24096881, 633 West David Street, Dallas, Texas 75208, Phone: (469) 663-7336, Fax: (833) 957-2957, Email: travis@travisgasper.com

**Defendant's Counsel:**

Kinsey D. Lakey, Tex. Bar No. 24122134, klakey@plattrichmond.com;
William S. Richmond, Tex. Bar No. 24066800, brichmond@plattrichmond.com;
Heather M. Crabill, Tex. Bar No. 24131151, hcrabill@plattrichmond.com;

Platt Richmond PLLC
1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
Tel: 214-559-2700

Fax: 214-559-4390

**26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

None.

**27. List whether a conference with the Court is desired;**

The parties do not believe a conference with the Court is necessary.

**28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c); and**

The parties agree that a scheduling order under Rule 16(b) reflecting the Parties' agreements contained herein is appropriate. The parties are not aware of any other orders needed at this time under Rule 16(c).

The parties reserve the right to move for protection under Rule 26(c) as the need may arise in this ongoing litigation.

**29. A statement that counsel read (i) the Dondi opinion—Dondi Properties Corp. v. Com. Sav. & Loan Ass'n, 121 F.R.D. 284, 285 (N.D. Tex. 1988) (per curiam)—and (ii) the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf).**

Counsel for all parties have read the Dondi opinion and the District's Civil Justice Expense and Delay Reduction Act.

Respectfully submitted,

**FITZ LAW PLLC**                              **PLATT RICHMOND PLLC**

*/s/ Carl Fitz*

11

<div style="display: flex;">

<div>

**CARL A. FITZ**
Tex. Bar No. 24105863
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
Tel.: (713) 766-4000
carl@fitz.legal

    AND

**TRAVIS GASPER**
Texas Bar No. 24096881
**GASPER LAW PLLC**
633 West David Street
Dallas, Texas 75208
Phone: (469) 663-7336
Fax: (833) 957-2957
Email: travis@travisgasper.com

    **Attorneys for Plaintiff**

</div>

<div>

*/s/ Kinsey Lakey*
**KINSEY D. LAKEY**
Texas Bar No. 24122134
klakey@plattrichmond.com
**WILLIAM S. RICHMOND**
Texas Bar No. 24006680040
brichmond@plattrichmond.com
**HEATHER M. CRABILL**
Texas Bar No. 24131151
hcrabill@plattrichmond.com

1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**Counsel for Defendant**

</div>

</div>

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by CM/ECF electronic filing on all known parties on August 1, 2025.

                                    */s/ Carl A. Fitz*
                                    **Carl A. Fitz**