UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUSS SAVAGE, § § Plaintiff. § § v. § § SMOKY ROSE LLC, § § Defendant. § § § § § | CIVIL ACTION NO. 3:25-CV-00914-E |

# SCHEDULING ORDER

### I.  SUMMARY OF CRITICAL DATES

| | |
|---|---|
| Deadline for Joint Report naming mediator (¶ 6) | September 11, 2025 |
| Deadline for Completion of Mediation (¶ 6) | December 12, 2025 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings (¶ 2) | September 24, 2025 |
| Plaintiff's Expert Designation & Report (¶ 4 a) | February 4, 2026 |
| Defendant's Expert Designation & Report (¶ 4 b) | March 4, 2026 |
| Rebuttal Expert Designation (¶ 4 c) | 49 days after disclosure made by other party |
| Deadline for Completion of Discovery (¶ 5) | June 4, 2026 |
| Deadline for Expert Objections (¶ 4 d) | July 6, 2026 |
| Deadline for Dispositive Motions (¶ 3) | July 6, 2026 |
| Deadline for Pretrial Disclosures and Objections (¶ 7) | October 13, 2026<br>Objections due 14 days thereafter |
| Deadline for Pretrial Materials (pretrial order etc.) (¶ 8) | November 3, 2026 |
| Settlement Conference (¶ 10) | Ten days prior to the pretrial conference |
| Exchange of Exhibits (¶ 9) | Two business days prior to the pretrial conference |
| Pretrial Conference (¶ 9) | November 30, 2026, at 10:00 AM |
| Trial Date (¶ 1) | Three-week docket beginning Tuesday, December 1, 2026 |

**II.    SCHEDULING INSTRUCTIONS**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified herein), <u>the Court, having considered the status report</u> submitted by the parties, finds that the following schedule should govern the disposition of this case:

Unless otherwise ordered or specified by this Order, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed. And unless otherwise noted, all references to Rules in this Order refer to the Federal Rules of Civil Procedure.

**The parties must seek leave of Court to amend any deadline in this order.**

**1.    <u>Trial Date</u>**: This case is **set for jury trial** on this Court's three-week docket beginning **Tuesday, December 1, 2026**. Counsel and the parties shall be ready for trial on **two days'** notice at any time during this three-week period. Any potential conflicts must be called to the attention of the Court **in writing** within **ten days** from the date of this Order. If this case involves a significant number of out-of-state witnesses, the parties may request a more definite trial date from the Court.

**2.    <u>Joinder of Parties or Amendment of Pleadings</u>**: By **September 24, 2025**, all motions for leave to **join** additional parties or **amend** pleadings shall be filed. The parties must comply with Rule 15(a).

**3.    <u>Dispositive Motions:</u>** By **July 6, 2026**, all motions that would dispose of all or any part of this case (including motions for **summary judgment**) shall be filed.

**4.    <u>Experts</u>:**

    **A.    <u>Designation of Expert(s) by Plaintiff</u>**: Unless otherwise permitted by the Court, the plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial for the plaintiff and shall otherwise comply with Rule 26(a)(2) on or before **February 4, 2026**.

  B. **Designation of Expert(s) by Defendant or Third Party**: Each defendant or third party shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **March 4, 2026**.

  C. **Rebuttal Expert(s)**: If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within **49 days** after the disclosure made by the other party.

  D. **Challenges to Experts**: The parties are directed to file any objections to, or motions to strike or exclude expert testimony (including *Daubert* motions), no later than **July 6, 2026**.

**5.** **Completion of Discovery and Orders Regarding Electronically Stored Information ("ESI"):** By **June 4, 2026**, all discovery—including discovery concerning expert witnesses—shall be completed.

Any motion to compel discovery or for a protective order must be filed by the later of: (1) 14 days before the completion-of-discovery deadline; or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information must be filed by 3 days after the completion-of-discovery deadline.

Any motion to quash or for protective order relating to a deposition that is filed less than five days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

This Order further supplements all other discovery rules and orders. The Court's intent is to streamline discovery of electronically stored information to promote a "just, speedy, and

inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. The parties must work cooperatively and in good faith to achieve these goals.

    A.    **General ESI production:** Absent agreement of the parties or further order, the following parameters apply to ESI production other than email under Rules 34 and 45 or in compliance with a disclosure requirement of this Court:

        **(i)**    **Document image format:** A producing party must produce each electronic document in single-page Tagged Image File Format. TIFF files must be single page and named with a unique production number followed by the appropriate file extension. Load files must be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes must be maintained as they existed in the original document.

        **(ii)**    **Metadata**. Absent a showing of good cause, ESI need not include production of metadata.

        **(iii)**    **Fields included.** Where such fields exist, ESI must include the date and time that a document was sent and received, as well as the complete distribution list.

        **(iv)**    **Text-searchable documents.** No party has an obligation to make its production searchable by text. But where a party's documents already exist in such format independent of this litigation, or are converted to such format for use in this litigation (including for use by the producing party's counsel), then such documents must be produced in the same format at no cost to the receiving party.

        **(v)**    **Footer**. Each document image must contain a footer with a sequentially ascending production number.

        **(vi)**    **Native files**. A party receiving a document produced in the format specified above may make a reasonable request after review to receive the document in its native format. Upon such request, the producing party must produce the document in its native format or bring concerns of burden to the requesting party's attention.

        **(vii)**    **No backup restoration required.** Absent a showing of good cause, when complying with discovery obligations in the present case, no party need restore any form of media upon which backup data is maintained in a party's normal operations. This includes without limitation backup tapes, disks, SAN, and other forms of media.

    **(viii)**    **Voicemail and mobile devices.** Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed to be not reasonably accessible and need not be collected and preserved.

**B.**    <u>**E-mail production:**</u> Absent agreement of the parties or further order, the following parameters apply to email production under Rules 34 and 45, or compliance with a mandatory disclosure requirement of this Court:

    **(i)**    **Requests for email**. *E-mail* refers to electronic mail or any form of electronic correspondence. Parties must propound specific production requests to obtain e-mail.

    **(ii)**    **Production timing.** E-mail production requests must be phased to occur with reasonable dispatch after the parties have exchanged:

- Initial disclosures;
- A specific listing of likely e-mail custodians;
- A specific identification of the five most significant listed e-mail custodians in view of the pleaded claims and defenses; and
- Preliminary information relevant to damages.

The exchange of this information must commence within twenty-one days of such initial disclosures unless the parties mutually agree to another time.

    **(iii)**    **Identification of custodians.** E-mail production requests must identify the custodian, search terms, and time frame. The parties must cooperate in good faith to identify the proper custodians, search terms, and time frame. Each requesting party must limit its e-mail production requests to a total of five custodians per producing party. The Court may require production from additional e-mail custodians upon a showing of good cause after the requesting party reviews the initial production.

    **(iv)**    **Search terms.** Each requesting party must limit its e-mail production requests to a total of ten search terms per custodian per party, unless the parties mutually agree to additional terms. The search terms must be narrowly tailored to particular issues. Indiscriminately broad terms (such as the producing company's name or its product name) are inappropriate unless combined with narrowing search criteria that sufficiently reduce overproduction and burden. A conjunctive combination of multiple words or phrases (for instance, *computer and system*) narrows the search and counts as a single search term. A disjunctive combination of multiple words or phrases (for instance, *computer or system*) broadens the search and counts each word or phrase as a separate search term, unless they are variants of the same word. Where appropriate, the parties must use

        narrowing search criteria (for instance, *and*, or *but not*, or *w/x*) to limit production and burden.

    C.    **Best efforts and cost-shifting:** The parties must use best efforts to work cooperatively and in good faith to narrow queries as necessary to reasonably reduce the burden on the searching/producing party. The Court will consider the extent of cooperation and good faith when determining whether to shift costs for disproportionate discovery, where applicable. The Court will specifically consider a party's efforts to promote efficiency and reduce costs in this regard.

    D.    **Disputes:** The parties must confer in good faith before bringing any dispute to the attention of the Court.

    E.    **No waiver:** The mere production of ESI in this litigation as part of a mass production does not itself constitute a waiver for any purpose.

    F.    **Inadvertent production:** The inadvertent production of ESI that includes privileged material, including attorney/client or attorney work product material, is not a waiver in the pending case or in any other federal or state proceeding. FRE 502(d).

    G.    **Other rules remain applicable:** Nothing in this Order affects the parties' discovery obligations under the Federal Rules, the Local Rules, or this Court's Procedures. But on any inconsistency applicable to ESI, the Court will apply this Order first.

**6.**    **Mediation:** The parties shall file a Joint Report informing the Court of their choice of an agreed-upon mediator or of their inability to agree upon a mediator 35 days from the date of this order. In the event the parties are unable to agree on a mediator, the Court will appoint one for them. At that time, a separate Mediation Order will be issued, further discussing, if necessary, the guidelines and requirements of the mediation. Parties have, at times, requested for an United States Magistrate Judge to serve as a mediator; the Court may grant such requests in select cases only upon (i) evidence showing indigency or good cause and (ii) the Parties' provision of available dates and times for mediation. Any such mediation shall be subject to the United States Magistrate Judge's availability. **Furthermore, any request for a United States Magistrate Judge shall made within 14 days of this order.** The parties shall mediate their case by **December 12, 2025**.

Once a Mediator has been agreed upon, the Court directs counsel for all parties to contact the Mediator as soon as possible. **Fees for the mediation are to be divided and borne equally by the parties, shall be paid by the parties directly to the Mediator, and shall be taxed as costs.**

The Mediator is expected to follow the 2005 Model Standards of Conduct for Mediators, which have been adopted by the American Bar Association, the American Arbitration Association, and the Association for Conflict Resolution. The Standards may be accessed at https://www.americanbar.org/groups/dispute_resolution/policy_standards/. If there are any parts of the Model Standards that the Mediator believes the Mediator cannot satisfy, the Mediator shall promptly notify the Court.

The named parties shall be present during the entire mediation process, and each party—which is not a natural person—must be represented by an executive officer (other than in-house counsel) with authority to negotiate a settlement (the authority required shall be active, i.e., not merely the authority to observe the mediation proceedings but the authority to negotiate, demand or offer, and bind the party represented). Counsel and the parties shall proceed in a good faith effort to try to resolve this case. Referral to alternative dispute resolution is not a substitute for trial, however, and the case will be tried if not settled. The Mediator shall submit a report to the court within three days of the mediation.

No subpoenas, summonses, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session. Counsel and parties shall proceed in a good faith effort to resolve this case and shall agree upon a date for mediation to be completed by **December 12, 2025.** Failure to comply in good faith with the requirements of this order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f).

In accordance with § III(G) of this court's Civil Justice Expense and Delay Reduction Plan, the clerk of the court shall transmit to counsel a copy of its "Alternative Dispute Resolution Summary" form. Counsel shall be jointly responsible for ensuring that the Mediator receives the form in a timely fashion. The Mediator is ordered to return the form to the clerk of the court (not to the undersigned's chambers) in accordance with the clerk's instructions. The Mediator's obligation to return the clerk's form is separate from the obligation to submit a report to the court.

7. **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)–(iii) by **October 13, 2026**. Within **14 days thereafter**, a party must serve and file a list disclosing any objections, together with the supporting grounds, to: (1) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (2) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (3) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[1] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause. Responses to objections, if any, should be filed within 14 days of the date of the filing of the objections.

8. **Pretrial Materials:** By **November 3, 2026**, the following materials shall be filed:

   A. **Joint Pretrial Order**: Plaintiff's attorney shall submit a joint pretrial order that covers each of the matters listed in Local Rule 16.4 and states the estimated length of trial and whether the case is jury or non-jury. Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is not an excuse for submitting separate pretrial orders. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate). When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

---

[1] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A)(i) is a modification of the requirements of Rule 26(a)(3)(B), which requires only that the parties file objections to deposition designations and exhibits.

    **B.**    **Motions in Limine**: Parties may file motions in limine on no more than **TEN** discrete topics (no subparts) that are actually in dispute. Good faith compliance with the conference requirements of Local Rule 7.1 will help to narrow issues that are *actually* in dispute. Motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues will be stricken.

    **C.**    **Jury Instructions**: Each party shall submit requested jury instructions (annotated).[2] Each party shall also send a Word version to Brown_orders@txnd.uscourts.gov.

    **D.**    **Proposed Findings of Fact and Conclusions of Law (annotated)**[3]**:** In a non-jury case, each party having the burden of persuasion on an issue shall file proposed findings of fact and conclusions of law. Within **five days** thereafter, any opposing party shall serve its proposed findings and conclusions (annotated)[4] on that issue, numbered in paragraphs corresponding to those earlier filed. *This requirement modifies Local Rule 52.1.*

    **E.**    **Voir Dire:** The Court will ask some general questions, but the attorneys will conduct most of voir dire. If the parties would like the Court to ask the jury panel any specific questions, they shall file proposed voir dire questions.

    **F.**    **Trial Briefs:** Each party may file trial briefs. In the absence of a specific order of the Court, trial briefs are not required but are welcomed if a party believes it would help the Court. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

    **NOTE**: Deadlines in this order regarding pretrial materials are dates for **filing** or **delivery**, **not mailing** dates.

**9.**    **Pretrial Conference:** A pretrial conference in the case is set for **November 30, 2026, at 10:00 AM**. Lead counsel for each party must attend; if the party is proceeding *pro se*, the party

---

[2] "Annotated" means that *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction or conclusion of law without citation to supporting authority. The parties should–to the extent possible–rely on the Fifth Circuit pattern instructions or, in their absence, Fifth Circuit and Supreme Court cases in proposing jury instructions. If state law is at issue, the applicable state authority should be cited.

[3] *See supra* note 2.

[4] *Id.*

must attend. Fed. R. Civ. P. 16(e). Lead counsel and *pro se* parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id*. All pretrial motions not previously decided will be heard at that time and procedures for trial will be discussed.

**By no later than two days before the Pretrial Conference, the following final pretrial materials shall be submitted.** Given that these final pretrial materials are due very shortly before the trial date, they should reflect the parties' best efforts to: (1) determine those exhibits, witnesses, and deposition designations that they are most likely to actually use at trial; and (2) reach agreement on the admission of that evidence.

A.  **Exchange of Exhibits**: Counsel for each party intending to offer exhibits shall exchange a complete set of marked exhibits (including demonstrative exhibits) with opposing counsel and shall deliver to the Court's chambers one hard copy and one digital copy on a flash drive, of the marked exhibits (except for large or voluminous items that cannot be easily reproduced). The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and shall identify the party submitting the exhibit. *This requirement modifies Local Rule 26.2(a)*.

B.  **Witness Lists**: Each party shall file a **list of witnesses** that: (1) divides the persons listed into groups of **"probable witnesses," "possible witnesses," "experts,"** and **"record custodians"**; and (2) provides:

   **(i)**   the **name and address** of each witness;

   **(ii)**  a **brief narrative summary** of the testimony to be covered by each witness;

   **(iii)** whether the witness has been **deposed;** and

   **(iv)**  the **expected duration** of direct or cross-examination of the witness.[5]

   *This requirement modifies Local Rule 26.2(b)*.

---

[5] Under Rule 16(2)(O) and Section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court may impose a reasonable limit on the time allowed for presenting evidence in this case. *See* Fed. R. Civ. P. 16 advisory committee's note to 1993 amendment (explaining that courts should ordinarily impose time limits only after receiving appropriate submissions from the parties).

      C. **Exhibition List and Deposition Testimony Designations**: Each party shall file a list of exhibits (including demonstrative exhibits) and a designation of portions of depositions to be offered at trial. **The Court expects the parties to confer and agree to admit the majority of their exhibits and deposition designations before trial**. The Court also expects the parties to cooperate in preparing the written statements referenced below.

      The list of exhibits shall describe with specificity the documents or things in numbered sequence and shall be accompanied by a written statement signed by counsel for each party, stating that, as to each exhibit shown on the list:

      **(1)** the parties agree to the admissibility of the exhibit; or

      **(2)** the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

      Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparing the written statement for the exhibit. The Court may exclude any exhibit offered at trial unless a statement regarding the exhibit has been filed in a timely manner.

      Each party will be expected to present the list of that party's exhibits to which no objection will be lodged (pre-admitted) at the **pretrial conference**.[6] The parties should be prepared at the Pretrial Conference to identify for the Court, and to focus on, any outstanding objections to that evidence that they are most likely to use at trial (e.g., by asking the Court to rule on objections to only the 20 most pertinent exhibits to be used out of the 200 exhibits submitted as part of the Pretrial Disclosures of paragraph 7 above).

**10.** **Settlement Conference and Status Report:**

      A. **Settlement Conference**: At least **ten days** before the pretrial conference, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss settlement of this case. Individual parties and their counsel shall participate **in person**, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person,

---

[6] This does not change the sequential manner in which each side should number its exhibits. In other words, a party should not separately number its exhibits in "objected to" and "unobjected to" categories.

        not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

    **B.**    **Joint Settlement Report**: Within **seven days** after the settlement conference, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing: (1) the date on which the meeting was held; (2) the persons present (including the capacity of any representative); (3) a statement as to whether meaningful progress toward settlement was made; and (4) a statement regarding the prospects of settlement.

**11.**    **Modification of Scheduling Order:** As addressed above, this Order controls the disposition of this case unless it is modified by the Court on a showing of **good cause** and by **leave of court**. Fed. R. Civ. P. 16(b)(4). Any request that the trial date of this case be modified must be made: (1) in writing to the Court; (2) before the deadline for completion of discovery; and (3) in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1, which requires that motions for continuance be signed by the party as well as by the attorney of record.

**12.**    **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this Order, the party or counsel—or both—may be subject to sanctions. If the *plaintiff* does not timely file the required (or other) pretrial material, then the case will be dismissed. If the *defendant/third party* does not timely file the required (or other) pretrial material, then a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). Failure to list a witness, exhibit, or deposition excerpt as required by this Order shall be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

13. **Court Specific Filing Procedures:** Proposed orders are **required** to be submitted with **EVERY** non-dispositive motion. Proposed orders must be submitted via email in a Word-compatible format as instructed in the CM/ECF system's "Proposed Orders" Event. The proposed orders must be emailed to: **Brown_orders@txnd.uscourts.gov** and include the case number and the document number of the referenced motion in the subject line. Make sure to "cc" opposing counsel.

14. **Inquiries by Email:** Questions about this Scheduling Order or any other matters related to this case should be directed by email to the Court at **Cynthia_Thornton@txnd.uscourts.gov**. If you choose to email the Court, include the case name and number, as well as your name and number. *Also, make sure to "cc" opposing counsel* on your email to the Court. If you do not "cc" opposing counsel, you will not receive a response to your email.

**Please note:** If **Realtime** or **daily copy** is being requested, the Court requires the parties to notify the court reporter, Nikki Barr at **Nikki_Barr@txnd.uscourts.gov**, at least two weeks in advance of such request; otherwise, the service will not be available.

**SO ORDERED.**

Signed August 7, 2025.

*[signature]*

**Ada Brown**
**UNITED STATES DISTRICT JUDGE**