UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RUSS SAVAGE,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-00914-E |
| | § | |
| **SMOKY ROSE LLC,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## **MEDIATION ORDER**

The Court hereby **ORDERS** this case to mediation before:

Mike Bassett
The Bassett Firm
3838 Oak Lawn Ave., Suite 1300
Dallas, TX 75219
(214) 219-9900

Mediation shall be completed by **December 12, 2025**.

The Court directs counsel for all parties to contact the Mediator as soon as possible. **Fees for the mediation are to be divided and borne equally by the parties, shall be paid by the parties directly to the Mediator, and shall be taxed as costs.**

The Mediator is expected to follow the 2005 Model Standards of Conduct for Mediators, which have been adopted by the American Bar Association, the American Arbitration Association, and the Association for Conflict Resolution. The Standards may be accessed at https://www.americanbar.org/groups/dispute_resolution/policy_standards/.  If there are any parts of the Model Standards that the Mediator believes the Mediator cannot satisfy, the Mediator shall promptly notify the Court.

The named parties shall be present during the entire mediation process, and each party—which is not a natural person—must be represented by an executive officer (other than in-house counsel) with authority to negotiate a settlement (the authority required shall be active, i.e., not merely the authority to observe the mediation proceedings but the authority to negotiate, demand or offer, and bind the party represented). Counsel and the parties shall proceed in a good faith effort to try to resolve this case. Referral to alternative dispute resolution is not a substitute for trial, however, and the case will be tried if not settled. The Mediator shall submit a report to the court within three days of the mediation.

No subpoenas, summonses, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session. Counsel and parties shall proceed in a good faith effort to resolve this case and shall agree upon a date for mediation to be completed by **December 12, 2025.** Failure to comply in good faith with the requirements of this order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f).

In accordance with § III(G) of this court's Civil Justice Expense and Delay Reduction Plan, the clerk of the court shall transmit to counsel a copy of its "Alternative Dispute Resolution Summary" form. Counsel shall be jointly responsible for ensuring that the Mediator receives the form in a timely fashion. The Mediator is ordered to return the form to the clerk of the court (not to the undersigned's chambers) in accordance with the clerk's instructions. The Mediator's obligation to return the clerk's form is separate from the obligation to submit a report to the court.

**SO ORDERED**; signed September 12, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE