# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| RUSS SAVAGE, Individually and for Others Similarly Situated, | **Case No. 3:25-cv-914** |
| v. | Jury Trial Demanded |
| SMOKY ROSE, LLC. | 29 U.S.C. § 216(b) Collective Action |

## APPENDIX OF EXHIBITS IN SUPPORT OF
## SAVAGE'S MOTION FOR COURT-AUTHORIZED NOTICE

| Ex. | Description | Page |
|:---:|---|:---:|
| 1 | Declaration of R. Savage | 1-4 |
| 2 | Declaration of C. Cash | 5-6 |
| 3 | Smoky Rose's Interrogatory Answers | 7-17 |
| 4 | Smoky Rose's Server Handbook | -- |
| 5 | Proposed Notice and Consent Forms | 18-23 |

Respectfully submitted,

By:    */s/ Carl A. Fitz*
       **Carl A. Fitz**
       Tex. Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
Tel.: (713) 766-4000
Email: carl@fitz.legal

AND

Travis Gasper
Texas Bar No. 24096881
**GASPER LAW PLLC**
633 West David Street
Dallas, Texas 75208
Phone: (469) 663-7336
Fax: (833) 957-2957
Email: travis@travisgasper.com

**ATTORNEYS FOR SAVAGE**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RUSS SAVAGE, Individually and for Others Similarly Situated, | **Case No. 3:25-cv-914** |
| v. | Jury Trial Demanded |
| SMOKY ROSE, LLC. | 29 U.S.C. § 216(b) Collective Action |

### DECLARATION OF RUSS SAVAGE

I, Russ Savage, declare as follows:

1.     My name is Russ Savage, I am over twenty-one years of age and am otherwise testify to to the facts set forth in this Declaration. All statements contained in this Declaration are true and correct and are based upon my personal knowledge.

2.     I was a bartender at Smoky Rose from November 2018 until August 2024.

3.     I am aware of my allegations in this lawsuit, and submit this Declaration in support to my claims.

4.     I have personal knowledge, from my employment, that Smoky Rose employed many others as bartenders, barbacks, and runners under the same employment practices and policies as myself.

5.     The bartenders, barbacks, and runners were all subject to the same Smoky Rose employment practices and policies as me.

6.     Smoky Rose required all bartenders, barbacks, and runners, including myself, to participate in the same tip pooling arrangement that required all bartenders to contribute a fixed percentage of our total sales (in tips earned) each shift to the mandatory tip pool implemented by Smoky Rose.

7.     Based on my employment and conversations with my coworkers, I know that Smoky Rose does not fully distribute the pooled tips solely among customarily and regularly tipped employees.

**001**

8.      As a bartender, I was required to contribute a percentage of my total alcohol sales to a mandatory tip pool of which a portion of the tips pooled were distributed to the other bartenders, barbacks, and runners.

9.      I also know that Smoky Rose paid its bartenders, barbacks, and runners, a guaranteed hourly wage regardless of the amount of tips the other bartenders and I contributed to the tip pool.

10.     As a result, any pooled tips exceeding the guaranteed hourly rate were not fully distributed solely among customarily and regularly tipped employees.

11.     I earned tips as part of my work as a bartender, and like all tipped workers at Smoky Rose, I was included in the mandatory tip pool.

12.     At all relevant times, the tipped employees, including myself, were not managers or supervisors.

13.     Smoky Rose records all cash and credit card tips that its employees earn at the end of the workday.

14.     It also records all hours worked by its managers, supervisors, and employees at the end of the day.

15.     Despite this recordkeeping, Smoky Rose unlawfully kept and diverted tips from me and other tipped employees by allowing management to share in the mandatory tip pool.

16.     Smoky Rose's management participated in the Smoky Rose tip pool, despite not performing tip generating job duties.

17.     I am aware of at least one Smoky Rose Manager, Alfonso Ramos, who received tips from the Smoky Rose tip pool, despite not performing tip generating job duties.

18.     For example, on one evening in December 2023, the other tipped employees and I observed that a credit card tip exceeded $1,000 on that night.

19.     After the end of that evening, the other tipped workers and I compared the tips received and concluded that a portion of the tips were paid out to Smoky Rose's management.

2

20.    Smoky Rose's managers—including Alfonso Ramos—did not perform bartender or server job duties.

21.    Smoky Rose also implemented an overtime pre-approval policy.

22.    Under this overtime pre-approval policy, Smoky Rose management said that if the overtime was not pre-approved, we would not be paid for the overtime worked.

23.    For example, Oscar Aroche, Smoky Rose's Director of Operations, frequently required me to clock-out shortly after working 40 hours worked in a workweek, pursuant to Smoky Rose's overtime pre-approval policy.

24.    In practice, Smoky Rose management, including Oscar Aroche, would require me to clock-out approximately two to three hours early on workweeks when I was scheduled to work greater than 40 hours in a workweek.

25.    I frequently worked overtime hours off-the-clock due to Smoky Rose's overtime pre-approval policy, including on the workweeks when Oscar Aroche required me to clock-out.

26.    For example, on the workweek beginning on June 12, 2023, I was only paid for 40 hours of work.

27.    But I worked more than 40 hours on the workweek beginning on June 12, 2023, and was required to clock-out early by Oscar Aroche.

28.    On the workweek beginning on June 19, 2023, I was only paid for 40 hours of work.

29.    But I worked more than 40 hours on the workweek beginning on June 19, 2023, and was required to clock-out early by Oscar Aroche.

30.    There are many examples where I was paid for a little less than 40 hours worked in a workweek, or a little more than 40 hours in a workweek. Smoky Rose's overtime pre-approval policy did not always leave me with exactly 40 hours of paid hours, but it consistently shorted my overtime hours.

31.    The statements I have made herein apply equally to other bartenders, barbacks, and runners according to my observations and interactions with other Smoky Rose tipped workers. I spoke with other bartenders, barbacks, and runners at Smoky Rose about the tip pool theft and the company's overtime pre-approval policy.

32.    From our conversations and from what I have observed at Smoky Rose, the other bartenders, barbacks, and runners were also subject to Smoky Rose's overtime pre-approval policy, and worked off-the-clock as a result.

33.    Like me, other Smoky Rose bartenders, barbacks, and runners were routinely required to perform work off-the-clock because of Smoky Rose's overtime pre-approval policy.

34.    Based on my experience working at Smoky Rose, I believe many other tipped workers would be interested in making a claim to recover their tips and overtime if given the opportunity and informed that Smoky Rose could not do anything to retaliate against them for exercising their statutory rights.

35.    Most, if not all, of Smoky Rose's bartenders and servers have smart phone cell phones with the ability to view websites. Sending notice of the collective action via cell phone would be effective in notifying other bartenders and servers of this action, their rights with respect to this action, and inform them that Smoky Rose is prohibited from retaliating against them for joining this action.

36.    I declare under penalty of perjury that the foregoing is to true and accurate.

Signed on ___12/05/25_____                    _____
                                                            Russell Savage (Dec 5, 2025 09:55:23 CST)
                                                            Russ Savage

4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RUSS SAVAGE, Individually and for Others Similarly Situated, | **Case No. 3:25-cv-914** |
| v. | Jury Trial Demanded |
| SMOKY ROSE, LLC. | 29 U.S.C. § 216(b) Collective Action |

**DECLARATION OF CHARLIE CASH**

I, Charlie Cash, declare as follows:

1.      My name is Charlie Cash. I am over twenty-one years of age and am otherwise testify to to the facts set forth in this Declaration. All statements contained in this Declaration are true and correct and are based upon my personal knowledge.

2.      I was an Assistant Manager at Smoky Rose throughout 2023 and until March 2024.

3.      I am aware of Russ Savage's allegations in this lawsuit, and submit this Declaration in support of Mr. Savage's claims.

4.      Smoky Rose unlawfully retained tips from its tipped employees.

5.      For example, a former Smoky Rose Bar Manager, Alfonzo, stole tips paid to Savage and other tipped Smoky Rose employees.

6.      Alfonzo was a manager, and did not perform tip generating job duties. Alfonzo did not work as a bartender at Smoky Rose.

7.      I know that Alfonzo unlawfully stole tips because I was a part of management, and I paid Alfonzo out in cash. I personally observed the amount Alfonzo claimed he earned in tips, and know that Alfonzo did not perform tip generating job duties when he was paid other workers' tips.

8.      I complained to Smoky Rose's ownership about its practice of distributing tips to managers, including Alfonzo.

9.      Smoky Rose ignored my complaints.

10.    Russ Savage was not the only Smoky Rose worker who suffered from its policy of stealing tips from tipped workers.

11.    I am aware that other Smoky Rose tipped workers also suffered from Smoky Rose's policy of stealing tips from its tipped employees.

12.    Current and former Smoky Rose tipped workers would benefit from notice of this case to learn about their rights and inform them that Smoky Rose is prohibited from retaliating against them for joining this lawsuit.

13.    I declare under penalty of perjury that the foregoing is to true and accurate.

Signed on    *Charles Cash*
Charles Cash (Dec 10, 2025 06:23:17 CST)

12/10/25

Charlie Cash

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RUSS SAVAGE, Individually and** | § | |
| **for Others Similarly Situated,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 3:25-cv-914** |
| | § | |
| **SMOKY ROSE, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT SMOKY ROSE, LLC'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF RUSS SAVAGE'S FIRST SET OF DISCOVERY**

**TO:**  Plaintiff, Russ Savage, by and through his counsel, Carl A. Fitz, Fitz Law, PLLC, 3730 Kirby Drive, Ste. 1200, Houston, Texas 77098, and Travis Gasper, Gasper Law PLLC, 633 West David Street, Dallas, Texas 75208.

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 33, 34, and 36, Defendant Smoky Rose, LLC ("**Smoky Rose**"), serves its objections, responses, and answers to Plaintiff Russ Savage's ("**Savage**") First Set of Discovery. Smoky Rose stands ready and willing to confer with Savage's counsel on any and all of its asserted objections. Additionally, as discovery is in its early stages, Smoky Rose reserves the right to supplement its answers and responses as information becomes known and available.

[SIGNATURES ON FOLLOWING PAGE]

Dated: August 22, 2025                    Respectfully submitted,

                                          **PLATT RICHMOND PLLC**

                                          */s/ Kinsey D. Lakey*
                                          **KINSEY D. LAKEY**
                                          Texas Bar No. 24122134
                                          klakey@plattrichmond.com
                                          **WILLIAM S. RICHMOND**
                                          Texas Bar No. 24006680040
                                          brichmond@plattrichmond.com
                                          **HEATHER M. CRABILL**
                                          Texas Bar No. 24131151
                                          hcrabill@plattrichmond.com

                                          1201 N. Riverfront Blvd., Suite 100
                                          Dallas, Texas 75207
                                          214.559.2700 Main
                                          214.559.4390 Fax

                                          **COUNSEL FOR DEFENDANT**

### CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a copy of the foregoing document was served on all counsel of record on August 22, 2025, via electronic filing through the Court's ECF filing system.

                                          */s/ Kinsey D. Lakey*
                                          **KINSEY D. LAKEY**

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY each PLAINTIFF and PUTATIVE CLASS MEMBER by:

      a.     Name;
      b.     Last known address;
      c.     Phone number;
      d.     Email address;
      e.     Supervisor(s);
      f.     Position(s) held with YOU;
      g.     Name and address of every site or facility worked;
      h.     State(s) in which the PUTATIVE CLASS MEMBER works or worked; and
      i.     Start and end dates of employment with YOU.

**OBJECTIONS:** Smoky Rose objects to this interrogatory as overbroad, unduly burdensome, and irrelevant because it exceeds the scope of FEDERAL RULE OF CIVIL PROCEDURE 26. Smoky Rose further objects to this request as overbroad and unduly burdensome because it seeks information that is not within the possession, custody, or control of Smoky Rose specifically as it relates to (g) and (h). Smoky Rose further objects to this request as vague and ambiguous because the phrase "every site or facility worked" is undefined and subject to multiple meanings. Smoky Rose further objects to this interrogatory as overbroad because it is unbounded in time.

**ANSWER:**

| Name | Position |
|---|---|
| Alfonso Ramos | Hourly Bar Manager |
| Alejandro Jurado | Server |
| Cameron Solano | Bartender |
| Camila Moreira | Server |
| Carlos Coba | Food Runner |
| Carmeline Pascual | Busser |
| Carmon Ziniga | Server |
| Christina Turner | |
| Daniela Moreira | Server |
| Devon Lopez | Bartender |
| Elissa Peterson | Server |
| Esmeralda Flores | Server |
| Heston Wilson | Bartender |
| Ian Douglas | Bartender |
| Jade Saager | Bartender |
| Jesus Cabral | Busser |
| Jesus Lopez | Busser |
| Lakariss Gillespie | Bartender |
| Lisa Getto | Server |
| Luis Delgado | Barback |
| Nordandino Lopez | Busser |

| Osbaldo Trejo | Bartender |
|---|---|
| Patrick Lynch | Server |
| Preston Hammos | Server |
| Ricardo Ordaz | Food Runner |
| Rosa Rivas | Server |
| Russel Savage | Bartender |
| Ulises Lazcano | Barback |
| Yakon Slepov | Server |

Oscar Aroche, the director of operations for Smoky Rose, supervised each of the above-identified individuals at all relevant times.

All individuals may be contacted as follows:

c/o Platt Richmond PLLC
Kinsey D. Lakey
klakey@plattrichmond.com
William S. Richmond
brichmond@plattrichmond.com
Heather M. Crabill
hcrabill@plattrichmond.com
1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**INTERROGATORY NO. 2:** IDENTIFY all PERSONS employed with YOU who participated in time keeping, tip pool sharing, and/or pay policy development during the RELEVANT TIME PERIOD, including but not limited to, PERSONS who proposed changes, made updates, approved alterations, communicated revisions to PUTATIVE CLASS MEMBERS, and enforced compliance with those policies. For each PERSON listed in response to the Interrogatory above, identify the nature and extent of their involvement in those policies.

**OBJECTIONS:** Smoky Rose objects to Plaintiff's definition of Relevant Time Period as overbroad, unduly burdensome, and irrelevant because it seeks nearly 10 years of information. Thus, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is nothing more than a fishing expedition meant to harass Smoky Rose. Smoky Rose's Answer will provide information responsive to this interrogatory within the FLSA Limitations Period as defined in Plaintiff's First Set of Discovery to Smoky Rose. Smoky Rose further objects to this interrogatory as vague and ambiguous because the term "pay policy development" is undefined and subject to multiple meanings.

**ANSWER:**
The following individuals participated in the time keeping and tip pool sharing at Smoky Rose during the FLSA Limitations Period:

| |
|---|
| Alfonso Ramos |
| Alejandro Jurado |
| Cameron Solano |
| Camila Moreira |
| Carlos Coba |
| Carmeline Pascual |
| Carmon Ziniga |
| Christina Turner |
| Daniela Moreira |
| Devon Lopez |
| Elissa Peterson |
| Esmeralda Flores |
| Heston Wilson |
| Ian Douglas |
| Jade Saager |
| Jesus Cabral |
| Jesus Lopez |
| Lakariss Gillespie |
| Lisa Getto |
| Luis Delgado |
| Nordandino Lopez |
| Osbaldo Trejo |
| Patrick Lynch |
| Preston Hammos |
| Ricardo Ordaz |
| Rosa Rivas |
| Russel Savage |
| Ulises Lazcano |
| Yakon Slepov |

**INTERROGATORY NO. 3:** IDENTIFY and describe all job positions held by PLAINTIFF, including the time period each PLAINTIFF held the job position, the amount and rate they were paid (including hourly rate, tip share rate, salary, or other rate of pay) during the time period they held each job position.

**ANSWER:** Russel Savage worked as a Bartender from November 11, 2018 through July 6, 2024. He was compensated at $8.00 an hour and received 4% of the daily tip out. Pursuant to Federal Rule of Civil Procedure, Smoky Rose incorporates SR 000048-000063, SR 000089-000182, and SR 000185-000236 as responsive to this interrogatory.

**INTERROGATORY NO. 4** IDENTIFY and describe all job positions held by each PERSON who received tips from the tip pool, the time period they held each job position, and the amount and rate they were paid (including hourly rate, tip share rate, salary, or other rate of pay) for each job position they held.

**OBJECTIONS:** Smoky Rose objects to this interrogatory as overbroad, unduly burdensome, and irrelevant because it is unbounded in time. Smoky Rose's Answer will provide responsive information within in the FLSA Limitations Period as defined in Plaintiff's First Set of Discovery to Smoky Rose.

**ANSWER:**

| Name | Position | Hourly Rate | Daily Tip-Out Percentage |
|---|---|---|---|
| Alfonso Ramos | Hourly Bar Manager | $30/hour | Barback 1.5%, Runner 2.5%= 4% |
| Alejandro Jurado | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Cameron Solano | Bartender | $10/hour | Barback 1.5%, Runner 2.5%= 4% |
| Camila Moreira | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Carlos Coba | Food Runner | $18/hour | |
| Carmeline Pascual | Busser | $12/hour | |
| Carmon Ziniga | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Christina Turner | | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Daniela Moreira | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Devon Lopez | Bartender | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Elissa Peterson | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Esmeralda Flores | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Heston Wilson | Bartender | $10/hour | Barback 1.5%, Runner 2.5%= 4% |
| Ian Douglas | Bartender | $10/hour | Barback 1.5%, Runner 2.5%= 4% |
| Jade Saager | Bartender | $10/hour | Barback 1.5%, Runner 2.5%= 4% |
| Jesus Cabral | Busser | $10/hour | |
| Jesus Lopez | Busser | $10/hour | |
| Lakariss Gillespie | Bartender | $10/hour | Barback 1.5%, Runner 2.5%= 4% |

| Lisa Getto | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
|---|---|---|---|
| Luis Delgado | Barback | $12.50/hour | |
| Nordandino Lopez | Busser | $12.00/hour | |
| Osbaldo Trejo | Bartender | $10.00/hour | Barback 1.5%, Runner 2.5%= 4% |
| Patrick Lynch | Server | $2.13 | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Preston Hammos | Server | $2.13 | Bar 3.5%, Busser 2%, Runner 2.5%=8 |
| Ricardo Ordaz | Food Runner | $16.00/hour | |
| Rosa Rivas | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |
| Russel Savage | Bartender | $10.00/hour | Barback 1.5%, Runner 2.5%= 4% |
| Ulises Lazcano | Barback | $12.00/hour | |
| Yakon Slepov | Server | $2.13/hour | Bar 3.5%, Busser 2%, Runner 2.5%=8% |

**INTERROGATORY NO. 5:**  IDENTIFY all job duties, including side work duties, closing duties, opening duties, running side work duties, and checklists performed by each PERSON who received tips from the tip pool.

**OBJECTIONS:**  Smoky Rose objects to this interrogatory as vague and ambiguous because the terms "side work duties" and "running side work duties" are undefined and subject to multiple meanings..

**ANSWER:**

The following duties apply to the bar managers, bartenders, and/or barbacks:

- Everyday Bar Opening Duties:
    - Fill up and turn on your frozen machines first so that they will be frozen by the time you open & clean up any spillage
    - Ensure the dishwasher has soap
    - Lay out bar mats
    - Set up your well(s) (batches, fruit trays, salt rimmer, bar tools)
    - Ensure that all fruit in the garnish trays are fresh
    - If you would not eat it – do not serve it!
    - Remove all pour spout covers and draft plugs
    - Ensure that your fridge has adequate batches for the day
    - Ensure that you have enough fruit cut for the day
    - Give your bar a final readiness check and wipe down everything to make sure it is ready for guests to arrive

- o Make sure each cocktail batch in the walk in has ¼ full of a cambro <u>after backups are stocked</u>, anything that has less will need to be made
  - o Make a list of batches to be made and begin thawing the fruit you need. Make sure that fresh batches go in clean cambros
  - o Put away liquor order if delivered
  - o Make sure wine & glassware is completely stocked in both bars
- Final Readiness Check / Open Walkthrough
  - o All bar tools are in place
  - o Service well is set up
  - o Equipment is assembled and running
  - o Chemical levels are checked in the dishwasher
  - o Bar is well organized for needs of the day
  - o All orders and product are stocked and put away
  - o The cash drawer is assembled and balanced ($400)
- Shift Change Duties:
  - o Make sure that the night shift is fully stocked with fruit, batches, beer, and wine
  - o Ensure all opening duties are completed prior to leaving
  - o Notify all customers at the bar top of shift change and introduce them to the nighttime bartender
  - o Ensure that you are leaving your team with a clean and well-stocked bar
  - o Take out the trash in the inside bar
  - o Ensure the inside bar is perfectly neat and tidy & all deliveries have been put away
  - o Ensure the walk in is organized prior to leaving
- Everyday Bar Closing Duties:
  - o Empty and deep clean frozen machines & rocks machine with room temperature water
  - o Bring all sealed batches to the walk-in
  - o Marry all garnish tray fruits
  - o Run all mats through the dishwasher
  - o Run all bar tools through the dishwasher
  - o Clean each draft tap and plug them
  - o Run a pitcher of hot water & bleach through all the drains
  - o Clean all the grates (speed rails, beer/wine drain)
  - o Wipe down all the bottles and cap the spouts
  - o Restock the glassware and check the dish area for glass racks
  - o Make sure all stemware is polished, each bar is fully stocked, and the rest is put away
  - o Wipe down computer screen and organize pos station area
  - o Restock beer fridges as needed

The following duties apply to servers and/or bussers:

- Opening duties
  - o Clock in and write your name on the board in order
  - o Brew tea, coffee, & lemonade
  - o Wipe down & straighten up all tables, reset the floor

- o Wipe down all benches on the patio & inside
- o Blow leaves
- o Water plants
- o Assemble couch cushions
- o Set up well bar station
- o Restock to-go cups, boxes, & appetizer plates
- o Cut lemons
- o Refill sugar catties
- o Replace batteries in the fly fans
- o Scrub entry and walkway floors
- o Roll any left-over silverware
- o Line any empty trays
- o Set up appetizer station if no runner
- o Wipe down menus in no hostess
- o Assign table seating for the shift if no host
- o Vacuum windows for flies
- o Wipe down highchairs everyday
- Closing duties
  - o Empty and clean tea urns & coffee containers
  - o Restock plastic cups & ice
  - o Wrap lemons & put in fridge
  - o Restock to-go cups, boxes, & appetizer plates
  - o Clean all counter tops in server station & fridge doors
  - o Drain ice cream scoop & clean station
  - o Put away couch cushions
  - o Make sure all tables are swept & wiped down
  - o Remove all menus & handhelds from the server station
  - o Wipe down all menus & handhelds
  - o Roll all silverware
  - o Line all trays
  - o Clean & refill well bar station
  - o Return all fly fans to inside host station or patio bar corner
  - o Put away/organize highchairs
  - o Run pitchers, ice cream scoop, & any remaining glassware through dishwasher
  - o Sweep underneath drink station
  - o Soak soda station caps in soda water overnight
  - o Empty all trash cans from the main entrance to the server station
  - o Wipe down microwave
  - o Wipe & sanitize all shelves and surfaces in the server station
  - o Bleach the sink
  - o Once complete – clock out and run your check out.

Pursuant to Federal Rule of Civil Procedure, Smoky Rose incorporates SR 000021-000025 as responsive to this interrogatory.

**INTERROGATORY NO. 6:** For each WORKWEEK, IDENTIFY the name, job position(s), and Job Code(s)) of each PERSON who contributed tips to any tip pool and the amount of tips each PERSON contributed to any tip pool during the RELEVANT TIME PERIOD.

**OBJECTIONS:** Smoky Rose objects to this interrogatory as vague and ambiguous because the term "WORKWEEK" is capitalized but undefined and subject to multiple meanings. Smoky Rose objects to Plaintiff's definition of Relevant Time Period as overbroad, unduly burdensome, and irrelevant because it seeks nearly 10 years of information. Thus, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is nothing more than a fishing expedition meant to harass Smoky Rose. Smoky Rose's Answer will provide information responsive to this interrogatory within the FLSA Limitations Period as defined in Plaintiff's First Set of Discovery to Smoky Rose.

**ANSWER:**

To calculate the tip distribution for all bartenders, Smoky Rose divides the total amount of tips by the number of hours worked by all bartenders and hourly bar managers. Thus, the bartenders received tips as detailed below:

- **Afonso Ramos (Hourly Bar manager):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$10,031.35**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$401.25**
- **Cameron Solano (Bartender):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$4,784.72**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$191.38**
- **Devon Lopez (Bartender):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$13,684.37**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$538.44**
- **Heston Wilson (Bartender):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$20,837.98**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$833.51**
- **Luis Delgado (Barback/Bartender):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$14,977.90**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$299.95**
- **Alfredo Pico (Barback):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$13,684.37**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **NONE**
- **Osbaldo Trejo (Bartender):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$19,060.85**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$762.43**
- **Russel Savage (Bartender):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$20,181.92**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$807.27**
- **Jessica Hartley (Bartender):**
  - Earned tips from 12/14/2023 to 07/19/2024: **$2,678.64**
  - Tip out for Barback & Busser from 12/14/2023 to 07/19/2024: **$107.14**

Discovery is ongoing. Therefore, Smoky Rose reserves the right to amend or supplement this response.

**INTERROGATORY NO. 7:** IDENTIFY and describe all job requirements, responsibilities, and duties (including side work duties, opening duties, closing duties, running side work duties, and special tasks and duties in preparation for or after the conclusion of a large party or private event) assigned to, and performed by, PERSONS who received tips from any tip pool during the RELEVANT TIME PERIOD.

**OBJECTIONS:** Smoky Rose objects to Plaintiff's definition of Relevant Time Period as overbroad, unduly burdensome, and irrelevant because it seeks nearly 10 years of information. Thus, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Smoky Rose's Answer will provide information responsive to this interrogatory within the FLSA Limitations Period as defined in Plaintiff's First Set of Discovery to Smoky Rose.

**ANSWER:**
Smoky Rose incorporates its response to Interrogatory No. 5 as responsive to this interrogatory.

**INTERROGATORY NO. 8:** IDENTIFY the entity YOU contend employed PLAINTIFFS. A full and complete response to this interrogatory includes a description of the relationship, and difference between, Smoky Rose, LLC., and any other entity or PERSON YOU contend employed PLAINTIFFS.

**ANSWER:** Smoky Rose, LLC employed Plaintiff.

**INTERROGATORY NO. 9:** Describe YOUR retention policy of YOUR security cameras, including the frequency of deletion, method of recording, and YOUR estimated cost of saving the footage on your security cameras. For clarity, this interrogatory relates to YOUR security cameras evidencing work performed at YOUR bar.

**OBJECTIONS:** Smoky Rose objects to this request as overbroad and irrelevant because this interrogatory is not limited to the claims or defenses at issue in this case. As such, this request is not reasonably tailored to the claims or defenses at issue in this case.

***TIME-SENSITIVE, COURT AUTHORIZED NOTICE***

***THIS IS NOT AN ADVERTISEMENT FROM A LAWYER***

## NOTICE OF TIP THEFT AND OVERTIME LAWSUIT

TO:        **All bartenders, barbacks, and runners of Smoky Rose who participated in Smoky Rose's tip pool in the past three (3) years.**

RE:        Collective action lawsuit seeking unpaid overtime and back wages.

**DEADLINE TO RETURN CONSENT FORM: _____[1], 2026**

| **1.    Why Are You Getting This Notice?** |
| --- |

You received this notice because the Court in charge of this lawsuit ordered this Notice to be sent to all bartenders, barbacks, and runners employed by Smoky Rose any time during the past three years (Tipped Workers).

The Court has allowed or "certified" a collective action lawsuit that may affect your legal rights. This notice is intended to advise you of how your rights under the Fair Labor Standards Act (FLSA) may be affected by this lawsuit and describe how you can participate in this collective action. The Court has taken no position regarding the merits of the claims or defenses at issue.

| **2.    What Is This Lawsuit About?** |
| --- |

Russ Savage, a former Smoky Rose Bartender, filed this collective action lawsuit on behalf of himself and all other current and former bartenders, barbacks, and runners who participated in Smoky Rose's tip pool in the last three years. Mr. Savage alleges that Smoky Rose violated a federal law known as the FLSA, which prohibits employers from permitting management to participate in its tip pool. The FLSA also requires employers to pay overtime compensation to employees who work more than 40 hours in a week at a rate of one-and-one-half times their regular rate, unless the employees are "exempt." Mr. Savage seeks back wages in the form of unpaid overtime, double damages (liquidated damages), plus attorneys' fees and costs for herself and all other similarly situated workers.

Smoky Rose denies the allegations in this lawsuit. Smoky Rose contends it properly paid workers in the proposed class pursuant to the FLSA.

The Court has not ruled which party will prevail in this lawsuit but has ordered that this notice be sent to you to inform you of your legal rights and ability to make a claim for unpaid overtime wages. Should Mr. Savage and the individuals who are covered in this collective action win, you may recover

---

[1] This date will be 60 days after the day the notice is mailed/emailed.

damages for unpaid overtime worked during the period _____,[2] 2022 to the present. The relevant time period for your claim will be calculated based on the date you return a completed Consent to Join Wage Claim Form, which is attached to this Notice.

| **3.    Are You Eligible to Join This Lawsuit?** |
|---|

You are eligible to join this lawsuit if you worked for Smoky Rose as a bartender, barback, or runner at any time in the last three years.[3]

| **4.    What Are Your Options?** |
|---|

If you want to join this lawsuit and make a claim for unpaid overtime wages, you must read, sign, and return the attached Consent to Join Wage Claim Form by _____, **2026**. You may return your Consent to Join Wage Claim Form by filling out the attached form and returning it by mail, email, or fax to:

**Tip Theft and Overtime Lawsuit Against Smoky Rose**
**FITZ LAW PLLC**
**3730 Kirby Drive, Ste. 1200**
**Houston, Texas 77098**
**Tel.: (713) 766-4000**
**carl@fitz.legal**

You may also contact an attorney of your choice. If you do not wish to be a part of the collective action lawsuit, you do not need to do anything. This decision to join is entirely yours

| **5.    Effect Of Making A Claim For Unpaid Overtime Wages.** |
|---|

If you return a Consent to Join Wage Claim form, you will join other employees who worked for Smoky Rose and have already made a claim for unpaid overtime wages. If this case is not successful, you will receive nothing and you will not be responsible for any of case costs, expenses, or attorneys' fees. If you do not wish to be a part of the collective action lawsuit, you do not need to do anything. The decision to join is entirely yours.

**Because the FLSA only allows workers to recover up to the past three years of back wages, eligible workers who do not return a Consent to Join Wage Claim Form may lose their rights to recover overtime for work performed in the past for Smoky Rose.**

| **6.    Retaliation And Blackballing Is Prohibited** |
|---|

This Court and Federal law prohibit anyone from firing or in any other way discriminating against you because you join this case. Smoky Rose has agreed to not retaliate or blackball anyone for participating in this lawsuit. If you suspect any retaliation for participating in this suit, please immediately call the attorneys listed below.

---

[2] Three years prior to an Order granting conditional certification in this case.
[3] In addition to any tolling period the Court finds appropriate.

### 7.    Your Legal Representation If You Join.

If you choose to join this collective action lawsuit, your attorney will be Carl A. Fitz of the law firm, FITZ LAW PLLC.

### 8.    How Can You Receive More Information?

If you have any questions about the collective action or your legal rights, you should contact counsel for the class of Smoky Rose employees directly at:

**Tip Theft and Overtime Lawsuit Against Smoky Rose**
**FITZ LAW PLLC**
**3730 Kirby Drive, Ste. 1200**
**Houston, Texas 77098**
**Tel.: (713) 766-4000**
**carl@fitz.legal**

**You should not contact the Court, Smoky Rose, or Smoky Rose's attorneys about this lawsuit or seek advice from them on whether you should participate.**

### 9.    You Have Sixty (60) Days to Join this Lawsuit.

Your determination of whether or not to take action should be made promptly. Because the law only allows a person to recover up to three (3) years of back wages from the date the Consent to Join Wage Claim Form is filed, time is of the essence in submitting this form if you wish to have the opportunity to make a full recovery. All consent forms must be received no later than _____, **2021,** which is sixty (60) days after this Notice was mailed to you. A Consent to Join Wage Claim Form is enclosed with a self-addressed stamped envelope.

### CONSENT TO JOIN WAGE CLAIM LAWSUIT AGAINST SMOKY ROSE

Printed Name: _____

1. I hereby consent join the collective action lawsuit filed against Smoky Rose to pursue my claims of unpaid tips and/or overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and I consent to be bound by the Court's decision.

3. I designate the law firms and attorney at FITZ LAW PLLC as my attorneys to prosecute my wage claims.

4. I consent to having Plaintiff and Plaintiff's Counsel make all decisions regarding the litigation, including all decisions regarding settlement or trial, the terms of settlement and release of claims, and agreements regarding attorney fees and costs.

5. If needed, I authorize the Plaintiff's lawyers to use this consent to re-file my claim in a separate lawsuit or arbitration against the Defendant.

Signature: _____    Date Signed: _____

**Please print or type the following information, which will be kept confidential:**

_____    _____
Address    City/State/Zip

_____    _____
Home Telephone Number    Cell Phone Number

_____    _____
E-mail Address    Estimated Dates of Employment

_____    _____
Positions Held with Smoky Rose    Locations Worked

### RETURN THIS FORM BY MAIL, EMAIL, OR FAX TO:

**<u>Tip Theft and Overtime Lawsuit Against Smoky Rose</u>**
**FITZ LAW PLLC**
**3730 Kirby Drive, Ste. 1200**
**Houston, Texas 77098**
**Tel.: (713) 766-4000**
**carl@fitz.legal**

## E-MAIL MESSAGE TO POTENTIAL CLASS MEMBERS

**Subject:**    **Notice of tip theft and overtime lawsuit against Smoky Rose**

Dear Smoky Rose Bartender, Barback, or Runner:

Attached is the Court-authorized Notice regarding a collective action lawsuit against Smoky Rose alleging you were not paid tips and/or overtime compensation as required by a federal law known as the Fair Labor Standards Act (FLSA). You are receiving this message because Smoky Rose's records indicate you are eligible to participate in this collective action lawsuit seeking to recover unpaid tips and overtime wages and your rights may be affected by its outcome. The attached Notice explains the steps you need to take if you want to join. You can review and sign the forms to join the case here «hyperlink».

If you have any questions, please feel free to contact me at «phone» or by e-mail at «email».

«Signature Block»

022

## PROPOSED TEXT MESSAGE

If you worked for Smoky Rose as a bartender, barback, or runner, you might be entitled to join a lawsuit claiming backpay and other damages. For additional information about the case, including how to join, visit «hyperlink»