# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **RUSS SAVAGE, Individually and for Others Similarly Situated,** | § § § § | |
| *Plaintiff,* | § § § | **CASE NO. 3:25-cv-914** |
| v. | § § | |
| **SMOKY ROSE, LLC,** | § § § | |
| *Defendant.* | § | |

## DEFENDANT SMOKY ROSE'S UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Defendant Smoky Rose, LLC ("**Smoky Rose**" or "**Defendant**") files this Unopposed Motion for Leave to File Documents Under Seal (the "**Motion**") and would show the Court as follows:

# I.
# PROCEDURAL HISTORY

1. On December 15, 2025, Plaintiff Russ Savage ("**Plaintiff**") filed his Motion for Court-Authorized Notice. *See* Dkt. No. 25.

2. On January 5, 2025, contemporaneously with this Motion, Smoky Rose will be filing its Response to Plaintiff's Motion for Court-Authorized Notice (the "**Response**"). Smoky Rose intends to attach two documents that it has designated CONFIDENTIAL pursuant to the Protective Order attached to the Parties' Agreed Motion for Entry of Protective Order currently pending before the Court. *See* Dkt. Nos. 20, 20-1.

3. The Parties have conferred on these issues and Plaintiff has indicated that he is unopposed to the relief requested in this Motion.

# II.
# FACTUAL BACKGROUND

4. Smoky Rose references confidential and proprietary information in its Response. These materials contain nonpublic information regarding Smoky Rose's business practices, including its payment structure for its employees and other trade-secreted information, all of which give Smoky Rose a competitive advantage in the market.

5. Specifically, the following exhibits contain confidential information related to Smoky Rose's business operations and procedures, including specifics on

Smoky Rose's payment structure for its employees:

- Exhibit 1-A (Appx 009-016): Smoky Rose Server Handbook (SR 000001-000008). This exhibit contains confidential information detailing Smoky Rose's business operations and payment structure for all of its tip eligible employees. This information is not public and constitutes a trade secret giving Smoky Rose a competitive advantage.

- Exhibit 1-B (Appx 017): Plaintiff's Separation Notice (SR 000082). This exhibit contains confidential information detailing certain of Plaintiff's employment records. Smoky Rose designated this information confidential as it contains Smoky Rose's confidential employment records.

- First and Second sentence of paragraph 4 in Exhibit 1 that references confidential information contained in Exhibit 1-A. (Appx 002) These sentences disclose confidential information related to Smoky Rose's business practices and payment structures.

- First sentence of paragraph 6 in Exhibit 1 that references confidential information contained in Exhibit 1-B. (Appx 002-003). This sentence discloses Smoky Rose's confidential employment records.

6. All of this information provides Smoky Rose with a competitive advantage. Smoky Rose will suffer immediate and irreparable injury to their business and financial interests if the above-mentioned exhibits and portions of the Response become public.

### III.
### LEGAL STANDARDS

7. The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also*

*In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

8. The Fifth Circuit employs two tests to determine whether to seal judicial records. The first requires a showing of good cause to seal documents produced in discovery subject to a protective order. *Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). The second, stricter test, "applies once a document is filed on the public record—when a document becomes a judicial record." *Id*. (internal quotations omitted). In applying the second test, the Court must balance the interests of the public's right to access against the parties' interests in nondisclosure. *Le v. Exeter Finance Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).

9. This second test is applicable to this Motion. The Fifth Circuit has recognized "good reasons to file documents (or portions of them) under seal, such as protecting trade secrets[.]" *Id; see also Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 434207, at *1 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon*, 435 U.S. at 598) ("'[T]he right to inspect and copy judicial records is not absolute,' . . . and the presumption in favor of public access to court records can be overcome in certain instances [...such as] sources of business information that might harm a litigant's competitive standing."). Additionally, the party must explain why no other viable alternative to sealing exists. *See* Dkt. 99 at pp. 5-8 (Standing Order).

# IV.
# ARGUMENTS AND AUTHORITIES

A. **THE PRESUMPTION OF OPENNESS OF JUDICIAL PROCEEDINGS IS NOT ABSOLUTE.**

10. Courts in this and other districts have granted motions to seal where the sealed information relates to a party's financial information, agreements, market data, and other information that would otherwise put the party at a "competitive disadvantage." *See, e.g.*, *Varsity Gay League LLC v. Nichols,* No. 3:22-CV-2711-B, 2023 WL 5284842*,* at * 2 (N.D. Tex. Aug. 16, 2023) (granting motion to seal Agreed Final Judgment that disclosed financial information related to trade secrets); *Erfindergemeinschaft*, 2017 WL 434207, at *2 (granting motion to seal revenues and license agreements); *Cellular Commc'ns Equipment, LLC v. Apple Inc.*, No. 6:14-cv-251-KNM, 2016 WL 11496010, at *2-3 (E.D. Tex. Jan. 5, 2017) (granting motion to seal market research, survey reports, and patent license agreement, noting that Courts have repeatedly recognized the need to preserve the confidentiality of such information"); *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, No. 2:16-cv-00491-RWS-RSP, *slip op.* (E.D. Tex. June 10, 2016) (granting motion to seal Plaintiffs' preliminary injunction motion and accompanying declarations); *see also Wisconsin Alumni Research Found. v. Apple, Inc.*, No. 14- cv-062-WMC, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (granting motion to seal technical information, customer research and survey information, and third-party confidential

information); *Boehringer Ingelheim Pharma GMBH & Co. KG v. Mylan Pharm., Inc.*, No. 14- cv-4727 NLH/KMW, 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015) (granting motion to seal, "the information relating to MPI's and Mylan Inc.'s sales and revenue is confidential and proprietary, and MPI and Mylan Inc. would suffer serious commercial injury if such information became available to the public.").

**B.  THE PARTIES' INTEREST IN THEIR CONFIDENTIAL INFORMATION OUTWEIGHS THE INTEREST OF OPEN PROCEEDINGS.**

11.  Here, the information identified in this Motion that Smoky Rose is seeking to seal contains confidential information concerning Smoky Rose's business and their trade secrets, including, without limitation, descriptions of Smoky Rose's confidential business processes and procedures, including identification of Smoky Rose's payment structure to tip eligible employees.

12.  This information, if learned by Smoky Rose's competitors and/or the general public, would harm Smoky Rose's competitive standing and would cause it irreparable harm. As detailed above, *supra* § II.A, all of the information contained in the exhibits and portions of the Response that the Parties seek to seal include non-public confidential information related to how Smoky Rose operates business and pays its tip eligible employees. This information, if disclosed to the public, would harm Smoky Rose's competitive standing because information including, but not limited to, Smoky Rose's daily operations and its payment structure for its tip

eligible employees gives it a competitive advantage in the marketplace.

13. Smoky Rose would suffer irreparable harm should this information become known to their competitors. Internal processes and procedures and payment structures constitute the precise information that gives Smoky Rose a competitive advantage over its competitors. Should competitors learn this information, they may be unfairly advantaged to copy Smoky Rose's processes and procedures and undercut its payment practices.

14. The impact on the public's interest in open judicial proceedings will be extremely limited. In total, Smoky Rose seeks to seal two (2) complete documents and six (6) sentences in this case which currently has twenty-eight (28) documents in the Court's record. The vast majority of the information in this case is publicly available. All of the information Smoky Rose seeks to seal is its confidential information that, if disclosed, risks giving its competitors an unfair competitive advantage. Smoky Rose's interest in its confidential information far outweighs the limited impact sealing these documents will have on the public's interest in open proceedings.

15. There is no viable alternative to sealing the statements and exhibits discussed herein. Smoky Rose has taken measures to ensure that all of this information remains confidential and not be publicly available. As such, there are no other viable alternatives to sealing these documents.

16. Proposed public versions of the exhibits to the Response detailed herein have been attached to the Response.

## V.
## RELIEF SOUGHT

The Parties respectfully request that the Court enter an order granting this Motion and (a) sealing the exhibits and portions of the Response detailed herein, and (b) instructing the Clerk of the Court to file the public version of this Motion.

Dated: January 5, 2026

Respectfully submitted,

**PLATT RICHMOND PLLC**

*/s/ Kinsey D. Lakey*
**KINSEY D. LAKEY**
Texas Bar No. 24122134
klakey@plattrichmond.com
**WILLIAM S. RICHMOND**
Texas Bar No. 24006680040
brichmond@plattrichmond.com
**HEATHER M. CRABILL**
Texas Bar No. 24131151
hcrabill@plattrichmond.com
**CHRISTOPHER L. HARBIN**
Texas Bar No. 24083134
charbin@plattrichmond.com

1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF WORD COUNT

Pursuant to Judge Brown's Rule II(A), the undersigned hereby certifies the word count of the response as follows: 1,391.

                                          */s/ Kinsey D. Lakey*
                                        **KINSEY D. LAKEY**

## CERTIFICATE OF SERVICE

The undersigned counsel for Smoky Rose does hereby certify that the foregoing document was served on all counsel of record on January 5, 2026, by this Court's electronic filing notification system.

                                          */s/ Kinsey D. Lakey*
                                        **KINSEY D. LAKEY**

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Smoky Rose does hereby certify that she conferred with Plaintiff's counsel on January 2, 2026 concerning the relief requested herein and he indicated Plaintiff is unopposed.

                                          */s/ Heather M. Crabill*
                                        **HEATHER M. CRABILL**