**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RUSS SAVAGE, Individually and for Others Similarly Situated, | **Case No. 3:25-cv-914** |
| v. | Jury Trial Demanded |
| SMOKY ROSE, LLC. | 29 U.S.C. § 216(b) Collective Action |

**SAVAGE'S REPLY IN SUPPORT OF
MOTION FOR COURT-AUTHORIZED NOTICE**

## I. INTRODUCTION

The Court should grant Savage's Motion for Court-Authorized Notice (Doc. 25) because (1) all Smoky Rose bartenders, barbacks, and runners ("Tipped Workers") were subject to the same tip pool; (2) Smoky Rose admits its Bar Manager, Alfonso Ramos, participated in the same tip pool as Savage and the Tipped Workers; and (3) differences in job titles or duties do not detract from the efficient resolution of common issues.

## II. EVERY SMOKY ROSE BARTENDER, BARBACK, AND RUNNER IS SUBJECT TO THE SAME UNLAWFUL TIP POOL

Smoky Rose admits Savage was subject to the same mandatory tip pool applicable to all Smoky Rose bartenders. Doc. 31 at PageID 226-27; Doc. 31-1 at ¶ 3 (Appx. 002). Smoky Rose admits that Alfonso Ramos (Mr. Ramos), a Bar Manager, received tips from this tip pool. Doc. 32, PageID 251-52 at ¶ 10. Smoky Rose admits that Mr. Ramos participated in job interviews and made recommendations regarding who to hire and fire. Doc. 32, PageID 252 at ¶ 11. And with respect to Savage's allegations of an unlawful overtime preapproval policy, Smoky Rose admits the existence of this policy, but disputes its legality. Doc. 31 at p.7; Doc. 31-1 at Para. 5 (Appx. 002).

Common proof will establish the illegality of Smoky Rose's tip pool. Specifically, Smoky Rose violated the FLSA by including its Bar Manager, Alfonso Ramos, in the tip pool. Whether Mr. Ramos was a manager or supervisor does not turn on the job duties of bartenders, barbacks, or runners. And Smoky Rose admits it is liable if Ramos

was a manager or supervisor during his participation in the tip pool—a finding which does not depend on the individualized circumstances of the workers.

Smoky Rose does not dispute that Ramos participated in its tip pool, and instead disputes whether Ramos was a manager or supervisor. Smoky Rose admits Mr. Ramos created the bartender's schedules. Doc. 32 at ¶ 11. It admits that Mr. Ramos oversaw bar staff during Smoky Rose's operating hours. *Id.* It admits that Mr. Ramos made recommendations on whether to hire or fire bartending staff to Smoky Rose's management. *Id.* It also admits that Mr. Ramos participated in the termination of employees at least more than once. *Id.*

Hoping to avoid notice after admitting that its Bar Manager participated in the same tip pool as its bartenders, barbacks, and runners,[1] Smoky Rose says that Mr. Ramos's primary job duty included taking orders, making drinks, and serving customers. Doc. 31 at PageID 232 (citing Appx. 003-004). But an "employee's suggestions or recommendations may still have "particular weight" even if a higher manager's recommendation has more importance and even if the employee does not make the ultimate determination." *Gellhaus v. Wal-Mart Stores, Inc.*, 769 F.Supp.2d 1071, 1081 (E.D. Tex. 2011) (citing 29 C.F.R. § 541.100(a)(4)). "If final decision-making authority were the test for determining whether a person was an executive or administrative employee, one would rarely, if ever, qualify as such an employee under the regulations."

---

[1] Smoky Rose has not cited to any applicable post-*Swales* legal authority denying a request for FLSA notice.

*Kastor v. Sam's Wholesale Club*, 131 F.Supp.2d 862, 866-67 (N.D. Tex. 2001). "Indeed, there is often a hierarchy in any organization wherein supervisors have persons to whom they must report, and the fact that an individual does not have final supervisory authority does not take that person out of the realm of being a manager in the organization." *Gellhaus*, 769 F.Supp.2d at 1082.

Of course, resolution of such merits-based "arguments are not appropriate for a motion for class certification." *Candice Paschal & Pedro Zarazua, Jr., v. Perry's Restaurants, LTD., et. al.*, No. 1:22-CV-00027-RP, 2023 WL 2784864, at *3 (W.D. Tex. Apr. 4, 2023) (citing *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021); *see also Roberts v. Baptist Healthcare Sys., LLC*, No. 1:20-CV-92, 2022 WL 4084420, at *1 (E.D. Tex. Sept. 4, 2022); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010); *Britt v. Mississippi Farm Bureau Cas. Ins. Co.*, No. 1:18-CV-38-GHD-DAS, 2022 WL 331210, at *1 (N.D. Miss. Feb. 3, 2022). "Courts must be cautious about opining on or endorsing the merits of a plaintiff's action at the notice stage."[2] *Cortez v. Casa do Brasil, LLC*, No. 4:21-CV-03991, 2022 WL 17811963, at *3 (S.D. Tex. Dec. 19, 2022)

---

[2] Smoky Rose's merits-based arguments, including its assertion that Bar Manager Mr. Ramos "only received tips for work he performed as a bartender," should not be considered here. Doc. 31 at PageID 234.

(citing *Swales*, 985 F.3d at 440).³ But what matters for notice is "whether merits questions can be answered collectively[.]" *Swales*, 985 F.3d at 442.

"Ultimately, 'the district court has the discretion to determine whether [Smoky Rose's] potential defenses would make the class unmanageable.'" *Cortez*, 2022 WL 17811963, at *4 (quoting *Reyes v. Texas Ezpawn, L.P.*, No. Civ.A. V-03-128, 2007 WL 101808, at *5 (S.D. Tex. Jan. 8, 2007)). For the foregoing reasons, the analysis of whether managers or supervisors unlawfully participated in Smoky Rose's tip pool is more appropriate for collective (as opposed to individual) treatment. But "[e]ven if Defendant must pose an inquiry to each of the [individual] Plaintiffs, the Court may determine that doing so in a collective trial is no more difficult than in individual trials." *Id.* (quoting *Segovia*, 2021 WL 2187956, at *11). In fact, courts have recognized that "collective treatment is less problematic" "when the Defendant asserts the defense against each Plaintiff." *Cortez*, 2022 WL 17811963, at *4 (cleaned up).

### III. WHETHER SMOKY ROSE'S MANAGERS OR SUPERVISORS STOLE TIPS HAS NOTHING TO DO WITH JOB TITLES OR JOB DUTIES

"Post-*Swales*, courts have continued to provide notice to a proposed class that involves multiple job positions where '[t]he fact that members of the putative collective

---

³ Smoky Rose's attacks on Savage's and Charlie Cash's credibility, including its allegations of purported misconduct on the job, should not be considered here. *See Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JK, 2021 WL 2187956, at *7 (W.D. Tex. May 28, 2021) ("[T]he similarly situated determination is not 'an opportunity for the court to assess the merits of [any] claim by deciding factual disputes or making credibility determinations'").

4

class ... have different job titles does not preclude a finding that they are similarly situated.'" *Cortez*, 2022 WL 17811963, at *4 (quoting *Hamm v. Acadia Healthcare Co.*, No. CV 20-1515, 2022 WL 2713532, at *2 (E.D. La. July 13, 2022)); *see also Young v. Energy Drilling Co.*, 534 F. Supp. 3d 720, 724 (S.D. Tex. 2021) ("Based on the evidence presented [...] the non-discretionary nature of the bonuses does not vary among job title, duties, or location. Thus, whether the employees in the identified positions were subjected to the same pay practice [...], and therefore are similarly situated, does not depend on the employees' specific job duties or where the employee worked"); *c.f. Eshelman v. MPFP, LLC*, No. 4:20-CV-3119, 2022 WL 2655821, at *2 (S.D. Tex. June 22, 2022), *adopted*, No. 4:20-CV-03119, 2022 WL 2652021 (S.D. Tex. July 8, 2022).[4]

The fact that employees "have different supervisors, work on different teams, have some varying job duties, and work in different locations" doesn't prevent a finding that they are similarly situated.[5] *Torres v. Chambers Protective Services, Inc.*, No. 20-CV-212-H, 2021 WL 3419705, at *6 (N.D. Tex. Aug. 5, 2021); *Loy v. Rehab Synergies, LLC*, No. 7:18-cv-00004, 2021 WL 3931926, at *11 (S.D. Tex. Sept. 2, 2021). This is especially applicable here, where Smoky Rose spills much ink regarding the standard for determining whether a tip pool participant is a "manager" or "supervisor," and whether

---

[4] Smoky Rose argues Savage did not identify which Smoky Rose written discovery response supported his claim. Doc. 31 at PageID 235. This is false. *See* Doc. 25 at PageID 137 ("Smoky Rose's Interrogatory Response No. 3") (emphasis added).

[5] Notably, Savage and every Tipped Worker worked in a single location (the Smoky Rose restaurant).

5

Mr. Ramos falls within this standard. Doc. 31 at PageID 231-33. Importantly, nothing about this dispute—whether Ramos was a manager/supervisor or not—turns on the individual job duties of the Tipped Workers.

## IV. CONCLUSION

Smoky Rose has waived all arguments related to the substance of Savage's proposed notice. This Court should approve FLSA notice—whether to the Tipped Workers or just the bartenders—because Smoky Rose's opposition relies primarily on merits-based considerations. Savage also requests an Order compelling Smoky Rose to provide the requisite information to facilitate this Court-Approved notice.

Date: January 20, 2026.                    Respectfully submitted,

By:    /s/ Carl A. Fitz
       **Carl A. Fitz**
       Texas Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
Tel.: (713) 766-4000
carl@fitz.legal

AND

Travis Gasper
Texas Bar No. 24096881
**GASPER LAW PLLC**
633 West David Street
Dallas, Texas 75208
Phone: (469) 663-7336
Fax: (833) 957-2957
Email: travis@travisgasper.com
**ATTORNEYS FOR SAVAGE AND THE TIPPED WORKERS**

## **CERTIFICATE OF WORD COUNT**

I certify that the word count of this Reply is 1,409 words.

*/s/ Carl A. Fitz*
**Carl A. Fitz**

## **CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*/s/ Carl A. Fitz*
**Carl A. Fitz**