**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RUSS SAVAGE, Individually and for Others Similarly Situated,** | § § § § | |
| *Plaintiff,* | § § | |
| | § | **CASE NO. 3:25-cv-914** |
| **v.** | § § | |
| **SMOKY ROSE, LLC,** | § § | |
| *Defendant.* | § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR LEAVE TO SUPPLEMENT MOTION FOR COURT-**
**AUTHORIZED NOTICE**

Defendant Smoky Rose, LLC ("**Smoky Rose**" or "**Defendant**") files this

Response to Plaintiff Russ Savage's ("**Plaintiff**") Motion for Leave to Supplement

Motion for Court-Authorized Notice (the "**Motion to Supplement**") [Dkt. No. 37]

and would show the Court as follows:

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................... i

**TABLE OF AUTHORITIES** ................................................................................ ii

**I.    NATURE AND STAGE OF THE PROCEEDING**...................................1

**II.   STATEMENT OF ISSUES AND STANDARD OF REVIEW** .................2

**III.  SUMMARY OF THE ARGUMENT** ............................................................3

**IV.   ARGUMENT AND AUTHORITIES** ..........................................................5

  A.   Plaintiff cannot establish good cause to supplement its motion
for court-authorized notice ................................................................5

    1.   *Plaintiff does not explain his failure to timely file this
supplemental report.*.....................................................................5

    2.   *The supplemental evidence is not important to the issues
before the Court.* ...........................................................................8

    3.   *Defendant will be prejudiced in allowing the testimony*............10

    4.   *A continuance will not cure the prejudice to Defendant.*............10

**V.    CONCLUSION** .........................................................................................11

**VI.   CERTIFICATE OF WORD COUNT** .......................................................13

**VII.  CERTIFICATE OF SERVICE**.................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Shepherd on behalf of Estate of Shepherd v. City of Shreveport*,
  920 F.3d 278 (5th Cir. 2019) ................................................................................3

*Smith v. State Farm Lloyds*, No. 2:18-cv-210-Z-BP,
  2020 WL 2832393 (N.D. Tex. June 1, 2020 ........................................................2

*Sneed v. Crown Equipment Corp.*, No. 3:23-cv-743-K,
  2025 WL 391763 (N.D. Tex. Feb. 3, 2025) ........................................................2

*Willingham v. Marketing Assocs., Inc.*, No. 3:15-cv-1809-BN,
  2016 WL 1182480 (N.D. Tex. Mar. 28, 2016)......................................................3

**Statutes**

29 U.S.C. § 203(b)(2)(B) ........................................................................................1

29 U.S.C. § 207(a). ................................................................................................1

## I.    NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed his First Amended Complaint [Dkt. No. 13] on April 11, 2025, asserting claims against Smoky Rose for violations of 29 U.S.C. § 203(b)(2)(B) and 29 U.S.C. § 207(a). Plaintiff alleges that Smoky Rose violated 29 U.S.C. § 203(b)(2)(B) by allowing managers to participate in a mandatory tip pool. Plaintiff also alleges that Smoky Rose violated 29 U.S.C. § 207(a) by failing to pay employees for all overtime hours worked.

Smoky Rose filed its Original Answer to Plaintiff's First Amended Complaint and Affirmative Defenses [Dkt. No. 15] on July 10, 2025. Smoky Rose denied each of Plaintiff's allegations.

Plaintiff filed his Motion for Court-Authorized Notice [Dkt. No. 25] on December 15, 2025, seeking to certify a class consisting of Smoky Rose bartenders, barbacks, and runners over the past three years. Defendant filed its Response to Plaintiff's Motion for Court-Authorized Notice on January 5, 2026 [Dkt. No. 31], and Plaintiff filed its Reply in support of the same on January 20, 2026 [Dkt. No. 33].

Briefing on Plaintiff's Motion for Court-Authorized Notice had been closed for almost three (3) months when Plaintiff filed its Motion to Supplement on April 15, 2026.

## II.    STATEMENT OF ISSUES AND STANDARD OF REVIEW

**ISSUE 1:** Whether Plaintiff established good cause to supplement its Motion for Court-Authorized Notice.

The Northern District of Texas Local Rules do not provide for supplemental briefing, evidence, memoranda, etc. on motions other than motions for summary judgment. *See* L.R. 56.7; *see Sneed v. Crown Equipment Corp.*, No. 3:23-cv-743-K, 2025 WL 391763, at *1 (N.D. Tex. Feb. 3, 2025) ("In short, Rule 56.7 regulates the summary judgment materials that can be filed by requiring leave of court for supplemental materials."); *see also Smith v. State Farm Lloyds*, No. 2:18-cv-210-Z-BP, 2020 WL 2832393, at *5 (N.D. Tex. June 1, 2020) ("Local Rule 56.7 gives a presiding judge leeway to allow a party to supplement its motion for summary judgment.").

Defendant is unaware of any instance in which this Court has applied L.R. 56.7 to any other motion besides a summary judgment motion. Plaintiff, likewise, cites no such cases. Furthermore, Plaintiff fails to state a standard upon which the Court should consider its Motion to Supplement other than a few vague assertions to "good cause" supported by cases completely irrelevant to the issues and facts at hand. *See* Motion to Supplement at p. 1.

Nevertheless, it is clear that "[t]he decision to grant or deny leave to supplement is within this Court's sound discretion." *Willingham v. Marketing*

*Assocs., Inc.*, No. 3:15-cv-1809-BN, 2016 WL 1182480, at *1 (N.D. Tex. Mar. 28, 2016) (granting a motion for leave to supplement a summary judgment motion).

But due to the ambiguity under which the Court must decide the Motion to Supplement, Defendant agrees with Plaintiff that the Motion to Supplement should be evaluated under a good cause standard. *See* Motion at p. 2 ("Good cause exists to permit Savage to supplement the record with Luis Delgado's declaration.").

To determine whether a party has established good cause to amend or supplement a motion, the Fifth Circuit considers "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (internal citations omitted).

### III.      <u>SUMMARY OF THE ARGUMENT</u>

Plaintiff seeks to supplement the evidence in support of his Motion for Court-Authorized Notice with testimony from Oscar Aroche, Smoky Rose's director of operations, and Luis Delgado, a former bartender. However, Plaintiff makes no effort to establish that he has good cause to supplement his Motion for Court-Authorized Notice. Plaintiff fails to even pay lip service to each element of good cause for each piece of supplementary evidence. On that basis alone, Plaintiff's Motion to Supplement should be denied.

However, even under a good cause analysis, Plaintiff's Motion to Supplement should be denied. Plaintiff provides no explanation for why he waited almost three (3) months after briefing on his Motion for Court-Authorized Notice closed to seek to supplement the record. In fact, Plaintiff falsely states that Mr. Delgado's testimony was not available to him until after he filed his Motion for Court-Authorized Notice. But, Plaintiff had the information necessary to obtain Mr. Delgado's testimony almost eight months before he filed his Motion for Court-Authorized Notice. He simply failed and refused to act. Similarly, Plaintiff waited two months after he had obtained Mr. Aroche's testimony to seek to supplement the records. Plaintiff has no excuse to justify such delays.

Additionally, the testimony that Plaintiff seeks to supplement the record with is not important to the issues before the Court. Mr. Delgado's testimony is almost verbatim to Mr. Savage's testimony, and Mr. Savage's testimony is insufficient to warrant court authorized notice as detailed in Defendant's Response to Plaintiff's Motion for Court-Authorized Notice. Likewise, Mr. Aroche's testimony confirms Defendant's argument that there are no similarly-situated employees and that Mr. Ramos only received tips for his tip generating work. Therefore, the supplemental evidence has no effect on the issues before the Court.

Further, Defendant is prejudiced by the supplemental evidence because it had to respond to Plaintiff's Motion and because it will not be afforded the

opportunity to investigate Mr. Delgado's claims prior to the Court's consideration of Plaintiff's Motion for Court-Authorized Notice. No continuance could cure such prejudice.

For the reasons detailed herein, Defendant requests that the Court deny Plaintiff's Motion to Supplement.

## IV.    ARGUMENT AND AUTHORITIES

### A.    PLAINTIFF CANNOT ESTABLISH GOOD CAUSE TO SUPPLEMENT ITS MOTION FOR COURT-AUTHORIZED NOTICE

Plaintiff attempts to supplement its Motion for Court Authorized Notice with two pieces of evidence: (1) Mr. Delgado's declaration, and (2) statements from Smoky Rose's Director of Operations, Oscar Aroche, that allegedly confirm the existence of similarly situated workers. However, despite asserting that a "good cause" standard applies to its Motion to Supplement, Plaintiff made no effort to establish that good cause exists. For that reason alone, Plaintiff's Motion to Supplement should be denied. Nevertheless, even under scrutiny of a good cause analysis, Plaintiff cannot establish that good cause exists to supplement his Motion for Court-Authorized Notice.

### 1. *Plaintiff does not explain his failure to timely file this supplemental report.*

Plaintiff waited almost three (3) months after briefing on his Motion for Court-Authorized Notice closed to supplement the record with Mr. Delgado's

declaration and statements from Mr. Aroche that Plaintiff believes support his claims. However, Plaintiff provided no explanation for his failure to obtain this information and supplement the record in a timely manner.

Plaintiff claims that Mr. Delgado's evidence "was not available at the time Savage filed his Motion." Motion to Supplement, Dkt. No. 37, at p. 2. That is simply incorrect. While Defendant disagrees that Plaintiff has any claim at all or that Mr. Delgado's declaration warrants court-authorized notice, the "evidence" in Mr. Delgado's possession was available to Plaintiff since the very beginning of this lawsuit. Plaintiff simply failed to timely request it.

Plaintiff filed his Complaint on April 11, 2025. *See* Dkt. No. 1. However, he did not serve any discovery of Defendant until July 25, 2025. Defendant served its responses to Plaintiff's discovery requests on August 22, 2025. In its discovery responses, Defendant provided a list of names responsive to Plaintiff's interrogatory seeking the identity of each plaintiff and putative class member. *See* Exhibit 1 at p. 3 (Response to Interrog. No. 1). Mr. Delgado's name is included on this list. *See id*. In fact, Mr. Delgado's name is included in four (4) different interrogatory responses as an individual who may have been affected by the allegations in Plaintiff's Complaint. *See id*. at pp. 3, 4-5, 7 (Response to Interrog. Nos. 1, 2, 4, and 6).

Plaintiff then asserts that "Smoky Rose objected to providing Delgado's contact information in written discovery in this case[.]" Motion to Supplement, Dkt. No. 37, at p. 2. That is blatantly false. In response to Plaintiff's Interrogatory No. 1 seeking the names and contact information for each plaintiff and putative class member, Defendant provided *inter alia* Mr. Delgado's name, and stated that the individuals listed in response may be contacted through the undersigned counsel. *See* Ex. 1 at p. 3 (Response to Interrog. No. 1). To date, Plaintiff has never asked the undersigned for any information related to Mr. Delgado. Furthermore, to the extent Plaintiff claims that Defendant lodged any improper objections in its discovery responses, Plaintiff has never informed Defendant of such deficiencies. Thus, this complaint that Defendant allegedly objected to providing the requested information is not properly before the Court, and is purely false.

Plaintiff's only argument regarding the timeliness of Mr. Aroche's testimony is simply that "[Mr.] Aroche's deposition occurred after briefing on Savage's Motion completed." But again, that is entirely Plaintiff's fault. Plaintiff decided to file his Motion for Court-Authorized Notice before he had adequately conducted discovery. Plaintiff took Mr. Aroche's deposition on January 21, 2026, by agreement of the parties. Mr. Aroche's deposition transcript was delivered on February 5, 2026. Exhibit 2 (Delivery Email). Yet, Plaintiff still waited an additional two (2) months to file his Motion to Supplement.

Plaintiff had no reason to delay for two (2) to three (3) months after briefing on the Motion to Supplement closed to seek to supplement with Mr. Aroche's testimony and Mr. Delgado's declaration, respectively. Movant had sufficient information to obtain Mr. Delgado's testimony within his possession since August 2025 and Mr. Aroche's testimony since February 2026. Plaintiff's failure to timely supplement is the result of his own negligence and delay. This factor weighs against a finding of good cause.

> 2. *The supplemental evidence is not important to the issues before the Court.*

Again, Plaintiff made no argument regarding this good cause factor. Regardless, neither Mr. Delgado's nor Mr. Aroche's testimony has any bearing on the issues before the Court. Mr. Delgado makes the same allegations as Plaintiff regarding the alleged tip pool violations. Mr. Delgado's claims fail to satisfy the burden for court-authorized notice for the same reasons Mr. Savage's claims fail as detailed in Defendant's Response to Plaintiff's Motion for Court Authorized Notice [Dkt. No. 31] which is incorporated by reference as if fully stated herein.

Mr. Aroche's testimony is not important to Plaintiff's Motion for Court-Authorized Notice because it does not support Plaintiff's claims, contrary to Plaintiff's assertion. Plaintiff states that Mr. Aroche "confirms that Smoky Rose bar managers participate in the tip pool." Motion to Supplement, Dkt. No. 37, at p.

2. That is not true. Mr. Aroche testified that bar managers participate in the tip pool when *they are performing bartending, tip generating duties*. *See* Dkt. No. 38 at 21:8-10. Mr. Aroche then testified that Alfonso Ramose, the bar manager forming the basis of Plaintiff's tip pool complaint, was removed from the tip pool when he was not performing bartending duties. *See id*. at 21:12-14; *see also* Exhibit 3 (Aroche Depo. 83:24-84:1) (Q: And [Mr. Ramos] only receives tips for the bartending duties, correct? A: Correct. Only whenever he was bartending.). Mr. Aroche's testimony confirms Defendant's argument in its Response to Plaintiff's Motion for Court-Authorized Notice—Mr. Ramos only received tips for his tip-generating work. *See* Dkt. No. 31 at p. 11.

Finally, Plaintiff alleges that Mr. Aroche stated that Smoky Rose bar managers provide hiring and firing recommendations. Motion to Supplement, Dkt. No. 37, at p. 2. However, Mr. Aroche made clear that he is the final decision maker on all hiring and firing decisions. *See* Dkt. No. 38 at 47:15-19. Again, this is consistent with Mr. Aroche's declaration in support of Defendant's Response to Plaintiff's Motion for Court-Authorized Notice.

Plaintiff has not established that the evidence he seeks to supplement his Motion for Court-Authorized Notice with is important. Rather, the facts show that such evidence is not important. This factor also weighs against good cause.

3. *Defendant will be prejudiced in allowing the testimony.*

Plaintiff makes a conclusory statement that Defendant will not be prejudiced by Mr. Aroche's testimony "because it submitted Aroche's declaration in its opposition to Savage's Motion." Motion to Supplement, Dkt. No. 37, at p. 2. However, Plaintiff makes no prejudice argument regarding Mr. Delgado's declaration.

Defendant is prejudiced by Plaintiff's attempt to supplement its Motion for Court-Authorized Notice because it has been forced to expend time and resources responding to Plaintiff's baseless Motion to Supplement. As detailed herein, none of the supplemental evidence changes any of the facts at issue in Plaintiff's Motion for Court-Authorization. Plaintiff's Motion to Supplement is merely a waste of time and delay tactic. Moreover, Defendant is prejudiced by Mr. Delgado's declaration because Defendant has had no opportunity to investigate Mr. Delgado's claims or depose Mr. Delgado. Plaintiff is attempting to manufacture a class of putative plaintiffs at the last minute when it had over eight months to bring forward Mr. Delgado's allegations. That is clearly prejudicial.

4. *A continuance will not cure the prejudice to Defendant.*

No continuance would cure the prejudice caused to Defendant by Plaintiff's late antics. Defendant disagrees that there are similarly-situated employees such that court-authorized notice of this lawsuit should be issues. Defendant is currently

unable to investigate Mr. Delgado's claims in order to supplement its briefing regarding Plaintiff's Motion for Court-Authorized Notice, because Plaintiff's Motion is already pending before the Court. Therefore, no continuance could cure the prejudice to Defendant's caused by Plaintiff's Motion to Supplement.

However, in the alternative, should the Court grant Plaintiff's Motion for Leave to Supplement, Defendant requests that the Court defer adjudication Plaintiff's Motion for Court-Authorized Notice for a period certain, so that Defendant may depose Mr. Delgado to test his allegations in Mr. Delgado's declaration.

In sum, Plaintiff failed to argue that good cause exists to supplement its Motion for Court-Authorized Notice with Mr. Aroche's testimony and Mr. Delgado's declaration. However, even under a proper analysis, Plaintiff's supplemental evidence does not meet the good cause standard. Plaintiff's Motion to Supplement should be denied.

## V.    CONCLUSION

For the reasons stated herein, Smoky Rose requests that the Court deny Plaintiff's Motion and grant Smoky Rose any other and further relief to which it may be justly entitled.

Dated: May 6, 2026

Respectfully submitted,

**PLATT RICHMOND PLLC**

*/s/ Kinsey D. Lakey*
**KINSEY D. LAKEY**
Texas Bar No. 24122134
klakey@plattrichmond.com
**WILLIAM S. RICHMOND**
Texas Bar No. 24006680040
brichmond@plattrichmond.com
**HEATHER M. CRABILL**
Texas Bar No. 24131151
hcrabill@plattrichmond.com
**CHRISTOPHER L. HARBIN**
Texas Bar No. 24083134
charbin@plattrichmond.com

1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR DEFENDANT**

## VI.     <u>CERTIFICATE OF WORD COUNT</u>

Pursuant to Judge Brown's Rule II(A), the undersigned hereby certifies the word count of the response as follows: 2,370.

*/s/ Kinsey D. Lakey*
**KINSEY D. LAKEY**

## VII.     <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Smoky Rose does hereby certify that the foregoing document was served on all counsel of record on March 6, 2026, by this Court's electronic filing notification system.

*/s/ Kinsey D. Lakey*
**KINSEY D. LAKEY**
